### Janice Miller, Appellee, v. Leonard J. Miller, Appellant.

### Gen. No. 48,988.

First District, First Division.
September 30, 1963.

Friedman, Armstrong, Donnelly and Friedman, of Chicago, for appellant.

Henry A. Kalcheim and Jay Erens, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a divorce action which proceeded to a divorce decree after defendant was denied both a change of venue and leave to file a jury demand. Defendant appeals from that order, all subsequent orders and the divorce decree. The determinative question is whether the court was correct in denying defendant a change of venue.

The statute gives an absolute right to a change of venue to a petitioner, when his petition asserting the prejudice of the trial judge is duly made, verified, and filed in accordance with the statute. A change of venue is not a matter of practice but is a substantial right of a litigant. (Krueger v. Cummings, 314 Ill App 492, 41 NE2d 977 (1942).) "The timeliness of a motion for a change of venue de-

pends upon the stage of the proceedings in which it is presented. The petition must be offered at the earliest practical moment and if filed after a hearing has commenced on the merits of the case it will be denied on the ground that it is filed too late. The purpose of this is to prevent a party from ascertaining the attitude of a judge on the issues of his cause and then asserting prejudice of a judge if his views are not in accord with those of the party. People v. Chambers, 9 Ill2d 83, 136 NE2d 812 [1956]." (Jones v. Jones, 40 Ill App2d 217, 230, 189 NE2d 33 (1963).) It is with these principles in mind that we have examined this record.

Plaintiff filed her complaint for divorce on September 7, 1961. Defendant answered the complaint on October 5, 1961. The decree of divorce was entered on February 6, 1962, on the ground of cruelty. The decree included a finding by the court that the parties of record "were present in open Court on the following specific dates, namely: September, 19, 1961; October 13, 1961; October 20, 1961; November 30, 1961; December 15, 1961; December 21, 1961; January 12, 1962; and January 16, 1962." Alimony, child support, property rights and attorneys' fees were reserved by the decree for future consideration and after the taking of evidence as to such matters by a master in chancery.

Two injunction writs issued September 7, 1961, appear in an "Additional Abstract of Record" filed by plaintiff. The record does not contain any order authorizing the issuance of these writs, nor do the writs contain the name of the judge entering the order. The order of November 30, 1961, continued all pending motions to December 15, 1961. These orders were entered by the instant judge who, theretofore, by order of the Executive Committee of the Superior Court, was one of two judges who had been assigned to hear all even-numbered motions "in divorce, separate main-

216

tenance, and annulment cases relating to temporary alimony, temporary support and maintenance, custody, child support, attorney's fees, . . . as well as all other matters preliminary in character, for the court year commencing Tuesday, September 5, A.D. 1961. They shall also hear default, noncontested and contested divorce, separate maintenance and annulment cases assigned to them by the Assignment Judge."

The record shows that the orders entered on September 19, 1961, October 13, 1961, and October 20, 1961, refer to temporary alimony and child support, the taking of a lie detector test, and the substitution of attorneys.

Although no written order appears of record on December 15, 1961, it is not disputed by either side that this was the date on which the instant motion judge orally set the cause for trial on its merits on January 12, 1962, at 2:00 p. m., and before himself.

On December 21, 1961, after service of notice, defendant presented his verified petition for change of venue on the ground that the "Judge is prejudiced against him, the Petitioner, so that he cannot expect a fair trial by said Judge. . . . that said prejudice did not come to his knowledge until December 15, 1961."

On December 21, 1961, the court entered an order which denied defendant's motions (1) for change of venue; (2) to place the case back on the contested trial calendar; and (3) for leave to file a jury demand. This was the last order entered before a two-day trial of the case, January 12 and 16, 1962, and the decree for divorce was entered on February 6, 1962. On March 28, 1962, the court entered an order for temporary alimony, child support and other relief. On July 30, 1962, the court entered a final order, and the instant appeal followed.

217

Defendant contends that his petition for change of venue was filed in accordance with the provisions of the "Change of Venue in Civil Cases" statute (Ill Rev Stats 1961, c 146), and that, as his petition alleges, the prejudice of the judge did not come to his knowledge until December 15, 1961, more than 30 days after the return day, and that when he presented his petition on December 21, 1961, within 10 days after the prejudice of the judge came to his knowledge, there still remained 22 days before the trial date.

Plaintiff "does not dispute the fact that as a general rule, if a Petition for Change of Venue filed on account of prejudice of the trial judge is in proper form, the judge has no discretion and must grant the change." However, plaintiff contends that "the circumstances under which Defendant's Petition for Change of Venue was filed disclosed that it was filed too late and for the purpose of delay, and therefore was properly denied," and also that the court had considered a substantive issue.

██ The record does not support plaintiff's contention that defendant's petition "was filed too late and for the purpose of delay." On the contrary, it appears from the record that when it came to the knowledge of the defendant on December 15, 1961, that the motion judge intended to try the case on its merits, the defendant proceeded in accordance with the Change of Venue statute, alleging that the prejudice of the judge did not come to his knowledge until December 15, 1961. Under these circumstances, and as there still remained 22 days before the trial date, we hold that defendant's petition for change of venue was filed at the "earliest practical moment." Jones v. Jones, 40 Ill App2d 217, 230, 189 NE2d 768.

██ Plaintiff also contends that the preliminary matters considered by the instant judge bring this case within the rule that a change of venue will not

be granted when "the court has considered a substantive issue in the cause" (People v. Chambers, 9 Ill2d 83, 90, 136 NE2d 812 (1956)) or when the issues considered by the trial judge are "a material and important part of the case" (Russell v. Russell, 333 Ill App 68, 87, 77 NE2d 328 (1947)). We do not believe that the rulings in these cases are pertinent here, because it does not appear that any of the preliminary matters considered or ruled on by the court had any direct bearing on the substantive issues presented in the complaint for divorce on the grounds of cruelty.

This court has not considered the contention of defendant that he was improperly denied leave to file a jury demand. As this case is being remanded to the trial court for trial, it is suggested that defendant be given permission to renew his application for leave to file a jury demand, and that the application, when and if made, be considered under the then current circumstances.

For the reasons stated, the order denying the change of venue is reversed; the cause is remanded with directions to grant the petition for a change of venue and to vacate all orders entered after December 21, 1961, including the divorce decree.

Reversed and remanded with directions.

ENGLISH, PJ and BURMAN, J, concur.