John W. McGinness, Plaintiff-Appellant, v. Charles Luna, President, Brotherhood of Railroad Trainmen, S. Vander Hei, Vice-President, Brotherhood of Railroad Trainmen, and T. D. Sharkey, Louis Smiraglia, and W. G. Zippman, President, Secretary, and Treasurer, Respectively, of Local 225, Brotherhood of Railroad Trainmen, Defendants-Appellees.

Gen. No. 49,393.

First District, Second Division.
February 4, 1964.
Rehearing denied March 10, 1964.

Dixon, Todhunter, Knouff & Holmes, of Chicago (Marshall Patner, of counsel), for appellant.

Edward B. Henslee, Jr., and John J. Naughton, both of Chicago, for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff is a member of Local 225, a subordinate Lodge of the Brotherhood of Railroad Trainmen, a labor organization. On October 9, 1963, he was nominated by members of the Local to run in the union election to be held on November 13, 1963, as legislative representative and also as delegate to the Brotherhood

43

convention to be held in 1964. His nomination was accepted by the Lodge. In a letter dated October 14, 1963, the national president of the Brotherhood ordered the secretary of the Local to disregard plaintiff's nomination. He filed a complaint for an injunction restraining the defendants from preventing him from running for office in the Local and in the Brotherhood and a judgment for damages because of injuries to his reputation. He moved for a temporary injunction to enjoin the defendants from holding an election in the Local until determination of his right to be a candidate on the local ballot. In his verified motion he set out that he would be irreparably denied his right as a union member if the election be held prior to the determination of his right to be on the ballot. He stated that a delay in holding the election would not harm the defendants or the union. He pointed out that since his name was not on the ballot there would be no contest in the election and no ballots would be sent out by the Local secretary. The motion of the Local officers and the national vice-president of the Brotherhood to dismiss the complaint for want of equity was denied without prejudice to defendants' right to raise the objections in their answer. Plaintiff appeals from the order denying his temporary injunction.

Plaintiff maintains that the Chancellor abused his discretion when he denied the motion for a temporary injunction. The plaintiff was charged with and found guilty of permitting the raising of dues without notice and without a secret ballot as required by the Landrum-Griffin Act as well as the union constitution and removed from his office of President of the Local and barred from holding office. An appeal by the plaintiff from the finding and order is pending before the national convention of the Brotherhood. The attorney for the defendants stated, during oral argument, that

44

he understood that the convention would be held in October 1964. The complaint does not make any allegation of ultimate fact to bring plaintiff within any exception to the rule that a court of equity may not intervene until the remedies within the procedures of the union have been exhausted. By seeking a temporary mandatory injunction the plaintiff attempts to circumvent this rule. We think that the Chancellor exercised good judgment in denying the motion for a temporary injunction and that there was no abuse of discretion. The order is affirmed.

Order affirmed.

FRIEND and BRYANT, JJ., concur.