**Anna Howarth, Plaintiff-Appellee, v. George J. Howarth, Defendant-Appellant.**

**Gen. No. 49,249.**

First District, Fourth Division.

March 25, 1964.

Jerome S. Feder, of Chicago, for appellant.

Mitchell G. Dredze, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This was a suit for separate maintenance brought by the plaintiff, Anna Howarth, against the defendant, George J. Howarth. Service was had on the defendant on May 16, 1963. On May 17, 1963 there was a hearing before a judge of the Superior Court of Cook County for the purpose of setting temporary alimony and attorney's fees. On that day the defend-

ant appeared in court, and the court continued the hearing to May 28, 1963, entering the following order:

> This cause coming on to be heard on the petition of ANNA HOWARTH, plaintiff herein, for an order to be entered upon the defendant to pay temporary support and maintenance and temporary solicitor's fees.
>
> The Court having jurisdiction of the subject matter hereof and of the parties hereto and the defendant being represented in open court by his counsel.
>
> It is hereby ordered that leave be and is hereby given plaintiff to file her said petition instanter.
>
> It is further ordered that leave be and is hereby given defendant to file his answer to said petition within TEN (10) days from the date hereof.
>
> It is further ordered that the hearing on said petition be and the same is hereby set on the 28th day of May, 1963, at 9:30 a. m., without further notice.
>
> It is further ordered that any order which may be entered on plaintiff's petition be and the same shall be entered nunc pro tunc as of May 16, 1963.

On May 21, 1963, defendant served upon plaintiff's attorney a copy of his verified petition for a change of venue, together with a notice asking for hearing on the same on May 24, 1963. The affidavit in the record shows the notice was mailed on May 21, 1963.

On May 24, 1963, the defendant presented to the trial court a verified petition for change of venue which was executed on May 21, 1963. In that petition the petitioner states that he fears he will not receive a

178

fair and impartial hearing before the judge because "said judge is prejudiced against him; that he first learned of same on May 17, 1963." On May 24, 1963, an order was entered in the trial court denying the petition for a change of venue on "the grounds of improper notice said papers being in the court file." The papers referred to are undoubtedly the petition, the notice, and the affidavit of service of the same.

The defendant served notice on the attorney for the plaintiff that on May 28, 1963 he would file a petition. The petition does not appear in the record, nor is there any indication or reference to what the petition contained, except in an order entered by the trial court on May 28, 1963. In that order the trial court allowed the plaintiff temporary alimony and solicitor's fees, and it further stated "that defendant's petition for change of venue be and the same is hereby denied for failure to file and serve proper notice."

On June 18, 1963 the defendant, after giving notice to the plaintiff, filed a petition in which he alleged that the defendant had been served with summons May 15, 1963, and that the plaintiff had filed a motion for temporary support and solicitor's fees, to be heard on May 17, 1963. The petition further recites that on May 17, 1963, without hearing, the matter was continued to May 28, 1963 and that on May 21, 1963 the defendant served notice that he would ask for a change of venue; and in accordance with that notice, that on May 24, 1963 the defendant and plaintiff appeared in court and the court entered an order denying the petition for change of venue on the ground of improper notice; that a further notice was then served on the plaintiff, setting the hearing on the petition for a change of venue on May 28, 1963; that on May 28, 1963 the court entered an order fixing support money and solicitor's fees, and again denied

179

the petition for change of venue. In the petition the defendant asked that the court now allow the petition for change of venue and that it vacate all orders subsequent to May 24, 1963, and transfer the case.

On June 18, 1963 the trial court entered an order which recited the denial of defendant's petition for change of venue on May 24 and May 28, and stated that both were denied for lack of proper notice. In that order the court further states that on May 28 the court proceeded to a hearing on the merits of plaintiff's petition for temporary alimony and attorney's fees, and that the defendant offered evidence in his behalf. The order then denies the defendant's petition to vacate the orders of May 24 and May 28, 1963. Whereupon, the defendant filed a notice of appeal from the orders entered in the trial court on May 24, May 28 and June 18, 1963.

There is no indication in the record that there was any hearing on the motion for change of venue. No question is raised as to the sufficiency of the petition as to the change of venue as set out in chapter 146, section 1 and following, Ill Rev Stats 1961.

 It is well recognized that there is and has been in this County a considerable abuse in the use of petitions for change of venue, particularly in criminal cases. In many lawsuits—and we are not referring to the one before us—the trial judge has had the experience of having a petition for a change of venue presented to him, alleging under oath that the party cannot obtain a fair trial before him because he is prejudiced against such party. The judge before whom the petition is presented is certain in his own mind that he has never heard of the petitioner. The petitioner has sworn falsely to a material fact. Under the statute in the controlling cases the hands of the judge are tied and he must forthwith grant the change

of venue. The same perjured statement also appears in the petitions filed in which the petitioner swears that the knowledge of the prejudice of the judge first came to him within less than ten days before the making of the application. The numerous petitions which are filed in the courts of this County must lead an unprejudiced person to feel that a school for perjury is being conducted and that the sanctity of the proceedings in the courts of this County is being soiled and besmirched by those who have sworn to uphold their purity. See report made to 1960 Judicial Conference, page 44.

It has been held that the right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the statute are met. Simpson v. Simpson, 165 Ill App 515, and Gates v. Gates, 38 Ill App2d 446, 187 NE2d 460. In People v. Chambers, 9 Ill2d 83, 136 NE2d 812, the court pointed out that it has been reiterated that the courts, in construing the venue provisions, should give them a liberal rather than a strict construction, and the statute should be construed to promote rather than defeat the right to a change of venue, particularly where prejudice on the part of a judge is charged. [Citing People v. McWilliams, 350 Ill 628, 183 NE 582; People v. Dieckman, 404 Ill 161, 88 NE2d 433.] That case also lays down the rule that the requirement that a petition for change of venue be filed at the earliest practical moment is designed to preclude counsel from first ascertaining the attitude of the trial judge on a hearing relating to some of the issues of the cause, and then, if the court's judgment is not in harmony with counsel's theory, to assert the prejudice of the court as a ground for allowing a change of venue. But that rule only applies where the court has already commenced the hearing and by its rulings in-

181

dicated its view on the merits of the case, or has heard the matter and taken it under advisement. Flassig v. Newman, 317 Ill App 635, 47 NE2d 527, and Steiner v. Steiner, 44 Ill App2d 355, 194 NE2d 508. In the instant case the notice was served before the court considered any substantive issue in the case.

Participation in the trial case by a party whose application for a change of venue has been denied does not waive error in denying application. Gillette v. Aurora Ry. Co., 228 Ill 261, 81 NE 1005; Lyles v. Stanford, 3 Ill App2d 113, 120 NE2d 238; Talbot v. Stanton, 327 Ill App 491, 64 NE2d 388.

In the case before us it is not apparent from the record in what respect the notice was defective, nor was that question cleared up in the briefs. Under the statute and the decisions, we consider that the petition for change of venue was filed in apt time and with reasonable notice. See Swanson v. Randall, 30 Ill2d 194, 195 NE2d 656. Under the circumstances, there is nothing we can do except reverse the orders entered in the trial court and remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ENGLISH, P. J. and DRUCKER, J., concur.