Josephine Roherty, Plaintiff-Appellee, v. Martin W. Green, Defendant-Appellant, and River Forest State Bank and Trust Company, Garnishee Defendant.

Martin W. Green, Third Party and Cross Plaintiff-Appellant, v. Rita Green, Third Party and Cross Defendant-Appellee.

Gen. No. 49,535.

First District, Third Division.

April 8, 1965.

Rehearing denied April 29, 1965.

Catherine C. Anagnost, Gerald M. Chapman, and Edmond Mosley of Anagnost & Anagnost and Associates, of Chicago, for Martin W. Green, defendant and third party and cross plaintiff-appellant.

Melvin J. Cole & Edward R. Burr, of Chicago (Edward R. Burr, of counsel), for plaintiff-appellee; Sherwin & Sherwin, of Chicago (Theodore R. Sherwin

and Julius L. Sherwin, of counsel), for Rita Green third party and cross defendant-appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Josephine Roherty was the holder of three judgment notes, two of which had been executed by Martin W. Green, and one by both Martin Green and his then wife, Rita Green. Josephine Roherty is Rita Green's mother and Martin Green's former mother-in-law. The notes were given for three loans to her son-in-law totaling $2,500, as evidenced by three checks, one dated May 29, 1946 for $1,000, one dated November 29, 1946 for $1,000, and one dated June 8, 1950 for $500. The notes were not paid when due, and the defendant executed renewal notes, being those notes here involved. On November 30 and December 1, 1960, judgments in the full face amount of each of said notes, together with interest from the date of making to the date of judgments and attorneys' fees were confessed and entered in favor of the plaintiff.

On January 4, 1961, upon the motion of Martin Green, each of the judgments was opened. The affidavit of merits filed in support of the motion to open the judgments alleged in substance that the original note for $500 was paid by the execution of a renewal note for $1,000, which incorporated an additional $500 loan; that upon maturity, the note for $1,000 was paid by the issuance of a renewal note in the same amount, and that the final admitted indebtedness of $1,000 was paid. These allegations were inconsistent with an additional defense filed June 16, 1961, in which the defendant averred that the indebtedness of $2,500 had been discharged by an oral agreement between the plaintiff on the one hand and the defendant and his then wife on the other, that the defendant would make monthly payments to the plain-

364

tiff's landlord in payment of her rent. Those allegations were also in conflict with the defendant's testimony at the trial.

The defendant filed a cross-complaint and third party complaints and later an amended cross and amended third party complaints against Rita Green, a cosigner of one of the notes. He alleged in substance that Rita had been given funds, as his agent, to make payments to Mrs. Roherty, and that in the event Martin was liable to the plaintiff, Rita was liable for breach of a fiduciary duty to make such payments. Defendant also filed a counterclaim against plaintiff, alleging overpayment.

Issue having been joined on these pleadings, the cause was tried without a jury. The trial commenced, after a pretrial hearing, at 3:30 p. m., December 6, 1963, and ended at 1:07 a. m., December 7, 1963. Between the pretrial hearing and commencement of the trial, petitions for change of venue were filed and denied. At the conclusion of defendant's evidence, judgment was entered confirming each of the previous judgments and denying the cross complaint, third party complaints and counterclaim. This appeal is taken by Martin Green from all these orders, except the denial of the counterclaim.

The principal issues raised on appeal are whether defendant's petition for change of venue was properly denied; whether the trial court's determination that the payments made to Mrs. Roherty were gifts and not in repayment of the loans was against the manifest weight of the evidence; whether there was prejudicial error in limiting defendant's direct and cross-examination of certain witnesses; and whether defendant was prejudiced by the trial court's conduct in remaining in continuous session from 3:30 in the afternoon of December 6, until 1:07 in the morning on December 7, 1963.

365

We will consider defendant's contention that it was error for the court to deny his petition for a change of venue. The three judgments obtained by confession were opened on January 4, 1961. On December 6, 1963, they were called for trial and all parties answered ready. Thereafter the court concluded its preliminary call of the calendar and took all the counsel, but not the court reporter, into chambers to discuss the instant case. They discussed for about three hours the facts, pleadings and issues and the prospect of settlement. During the discussion a question was raised as to defendant's affidavit of merits filed at the time the judgments were opened. The court apparently indicated there was a serious question of defendant's perjury with respect to the affidavits and that he would rule for the plaintiff unless convincing evidence was produced. The court then made a recommendation concerning settlement, which plaintiff and Rita Green accepted. Martin Green's counsel indicated she wanted to discuss the matter with her client during the noon hour, and court adjourned until 2:30 p. m. At 2:30 the court was conducting hearings on motions which concluded at 3:30 p. m., at which time counsel for the parties were requested to come into chambers. It was at that time that counsel presented petitions for change of venue in all three cases, alleging the prejudice of the trial judge and stating that the prejudice first came to Martin Green's knowledge that day, December 6, 1963. During the course of an extended colloquy, the court denied defendant's motion for a change of venue.

 It has been held that the right to a change of venue on account of prejudice of the trial court is absolute if the requirements of the statute are met. Simpson v. Simpson, 165 Ill App 515; Gates v. Gates, 38 Ill App2d 446, 187 NE2d 460. It has been reiterated that the courts in construing the venue provisions

should give them a liberal, rather than a strict, construction and that the statute should be construed to promote rather than defeat the right to a change of venue, particularly where prejudice on the part of the trial judge is charged. People v. Chambers, 9 Ill 2d 83, 136 NE2d 812; People v. McWilliams, 350 Ill 628, 183 NE 582; People v. Dieckman, 404 Ill 161, 88 NE2d 433. The petition must be offered at the earliest practical moment and if filed after a hearing has commenced on the merits of the case, it will be denied on the ground that it was filed too late. Miller v. Miller, 43 Ill App2d 214, 193 NE2d 105. This requirement that a petition for change of venue be filed at the earliest practical moment is designed to preclude counsel from first ascertaining the attitude of the trial judge on a hearing relating to some of the issues of the case and then, if the court's judgment should not be in harmony with counsel's theory, asserting the prejudice of the court as ground for allowing a change of venue. People v. Chambers, supra; Commissioner of Drainage Dist. v. Goembel, 383 Ill 323, 50 NE2d 444; In re Wheeling Drainage Dist. No. 1, 282 Ill App 565.

■ What constitutes "the earliest practical moment" is the controlling issue here. In People v. Chambers, supra, the defendant, who was indicted for grand larceny, made a motion to suppress certain evidence alleged to have been illegally seized. After the court had denied his motion, he moved for a change of venue on the ground of prejudice on the part of the trial judge. The Supreme Court, in affirming the trial court's denial of the motion for change of venue, reviewed many of the Illinois cases and concluded that "the criterion for timeliness of a motion for a change of venue is not the impaneling of a jury at the commencement of a trial, but rather whether the court has considered a substantive issue in the case."

Defendant argues that no substantive issue in the case before us had been passed upon at the time the petition for a change of venue was denied. He argues that the trial court discussed the pleadings and the evidence for about three hours on the morning of the trial; that the real purpose of the conference was to see if a settlement could be effected; that the court reporter was not included among the persons present; and that the court itself agreed that the morning conference was a discussion between lawyers, not a proceeding in which the court was acting in its judicial capacity.

When the parties answered ready on the morning of December 6, 1963, they were ready to go to trial. Witnesses both for the plaintiff and the defendant were present. Martin Green was present and was represented, as it developed, by no less than four attorneys who appeared at various stages of the proceeding. Both the plaintiff and Rita Green were represented by counsel. The court in a commendable effort to clarify the issues and pleadings and perhaps bring about settlement of a bitter family squabble precipitated by a recent divorce (Rita and Martin Green were separated in September 1959 and divorced in February 1960), took the parties into chambers for a pretrial conference, as hereinbefore stated. In the course of that conference the court referred to the affidavit of merits filed by Martin Green on January 4, 1961 and to his later additional answer, which were clearly in conflict with each other. Following the conference there was the noon recess and upon return to court in the afternoon, the petition for change of venue was filed.

The misuse in this jurisdiction of the right to a change of venue is well known. Howarth v. Howarth, 47 Ill App2d 177, 197 NE2d 736. Pretrial conferences

are an established and important part of court proceedings in this county. Without such procedure, the disposal of litigation would be delayed beyond its present deplorable state. The pretrial conference includes the discussion of disposition by settlement, as well as an effort to reduce the issues. It cannot be conducted effectively by the judge's assuming the attitude of a sitting Buddha. On the other hand, the judge cannot commit himself, but must await the hearing of evidence and the arguments of counsel. In the instant case the court gave a quite conclusive indication of his strong feeling on the conflict between the defendant's affidavit of merits and his additional answer.

In Steiner v. Steiner, 44 Ill App2d 355, 194 NE2d 508, (Abst Opinion), the plaintiff had filed a complaint for divorce charging cruelty; the defendant had counterclaimed charging adultery; and the plaintiff in reply had also amended her complaint to allege adultery. Proceedings before the trial judge on September 28, 1962, resulted in the withdrawal of the plaintiff's allegations of adultery. During the course of the proceedings, the judge learned that there was a child involved and thereupon held a conference with the parties in chambers and off the record. At that time, he set the case for trial for October 2, 1962. On October 2nd, an affidavit for change of venue was filed at the time the case was called for trial, in which it was stated that during the conference of September 28th, the judge had said he was opposed to allegations of adultery against women who had children and that he would not decide the case if the defendant persisted in his counterclaim. In denying the petition for a change of venue, the judge reiterated those sentiments. The Appellate Court, after reviewing the authorities, including the Chambers case, supra, said (pp 5, 6 of the opinion):

369

"We glean from the cases reviewed by the Court in the Chambers case that a hearing on the issues refers to a formal hearing that will be binding on the parties and affect the Court's decision on the merits.

*"In the instant case the prejudice of the trial judge was learned at an informal conference and not upon any hearing on the merits.* (Emphasis supplied.)

". . .

"In the instant case we find that defendant's motion for change of venue was filed in apt time in that no substantive issue in the case had been before Judge Dusher."

In Birtcher Corp. v. Oms Surgical Supply, Inc., 46 Ill App2d 57, 196 NE2d 711, the case was on the trial call with parties ready for trial on September 25, 1962. Because the court was busy, the case was continued to October 1, 1962. On that day, the defendant's attorney was on trial in another court and so informed the plaintiff's attorney, who nevertheless insisted on trial because witnesses for his client were moving to a distant place. On October 1, 1962, the defendant's attorney informed the court of his prior engagement, went to the other courtroom, and found the judge was not sitting. He then returned and asked for a change of venue based on the prejudice of the trial judge which he said had first come to his knowledge that day. The trial court denied the motion, but the Appellate Court reversed, holding that while under the authority of People v. Catalano, 29 Ill2d 197, 193 NE2d 797, a petition for change of venue may be denied where it is apparent the request is made only for delay or to avoid a trial, the court did not think that in the case before it the petition was filed for the purpose of delay.

It is regrettable that this family quarrel over $2,500 should have to be retried, especially when it is apparent that the defendant will continue to be confronted with the highly conflicting statements contained in his pleadings. In view of the comments the judge made in the pretrial hearing, however, we cannot say that the petition was filed only for the purpose of delay.

██ For the guidance of the court on retrial, we will consider certain issues which may again arise. Defendant argues there was prejudicial error in limiting his counsel's direct and cross-examination of certain witnesses. The trial court refused to permit Josephine Roherty to be cross-examined under Section 60 of the Civil Practice Act as to whether she knew that Anna Green (Martin's mother) had loaned money to Martin and Rita Green. The court imposed the same limitation with respect to cross-examination of Rita Green under Section 60, as to whether there was any amount owing to Anna Green at the time the two mothers commenced sharing an apartment. The court also refused to permit Anna Green to testify whether the money she loaned to Martin was repaid, and as to the manner of repayment. Defendant argues that both as to the making of the loan and repayment thereof, the transaction with Anna Green was contemporaneous with the transaction with Josephine Roherty. Defendant claims the manner of repayment was identical in both cases and therefore the evidence was admissible as a similar transaction tending to show a manner or custom of doing business. Metropolitan Life Ins. Co. v. Henriksen, 6 Ill App2d 127, 126 NE2d 736; Craftsmen Finance Co. v. Landfield Finance Co., 7 Ill App2d 541, 129 NE2d 733. While it is generally true that evidence can be introduced in a proper case to show a manner or custom of doing business, Martin Green's payments to his mother and

mother-in-law cannot be raised to the status of a custom or method of doing business. The court's ruling was proper.

█ The trial court also sustained an objection to questions asked of Rita and Martin Green relating to alleged directions he had given her to pay $100 a month for the rent of both mothers and in that connection whether this payment should not be considered to have been in repayment of the loan. These questions were relevant to the issues in the suits by Martin Green against Rita Green, since they were predicated on what he claims was her failure to do as he had directed and advise her mother that the money given her was in repayment of the loan. The ruling of the court was erroneous.

The other points raised are not likely to recur.

The judgments are reversed and the cause is remanded with directions to grant the motion for new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgments reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.