**Ivery Johnson, Plaintiff-Appellant, v. United Motor Coach Co., Defendant-Appellee.**

**Gen. No. 50,304.**

First District, Third Division.

January 6, 1966.

Robert E. Cleveland, of Chicago, for appellant.

Irvin Tischer and Joseph B. Lederleitner, both of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Ivery Johnson, appeals from an order dismissing her case. The order was entered after the trial court denied her petition for a change of venue and she elected to stand on the record.

She contends that her petition should have been granted because it was in proper form and timely presented. The defendant argues that the petition was properly denied because it was not in correct form, was not filed in apt time and was presented without notice.

The plaintiff's personal injury action was reached for trial the morning of October 8, 1964, and the assignment judge sent the case out for trial about 10:30 a. m. At 11:45 a. m. the attorneys for the parties conferred with the trial judge in his chambers. The case was discussed and the possibility of settlement explored. The plaintiff's attorney said that the plaintiff was coming to his office during the noon-hour and he would confer with her. The pretrial conference was adjourned and the case was postponed until 2:00 p. m. for settlement or trial. The attorneys were in court at the appointed hour and the case was called at 2:15 p. m., at which time the plaintiff's counsel handed the petition for a change of venue to opposing counsel and immediately thereafter presented the original to the court. The court denied the petition stating that it was not in proper form and did not comply with the statute. Thereupon the selection of the jury commenced.

The motion was renewed following the selection of four jurors and it was again denied. At the hearing on the renewed motion a colloquy took place between the court and the plaintiff's attorney during which uncomplimentary remarks were made by the court about the attorney. An oral motion was then made that the judge disqualify himself. It was denied. A second panel of jurors was chosen and the court adjourned until the next day.

When court reconvened on the morning of October 9th, the motion for a change of venue was made for the third time. Upon the denial of the motion the plaintiff elected to stand on the record and refused to proceed. Her suit was dismissed.

■■ ■■  The objection that the petition was not in proper form is based on the fact that it was addressed to the assignment judge rather than the trial judge. The body of the petition, however, named the trial judge and stated that the plaintiff feared that she would not

receive a fair and impartial trial because of his prejudice which first came to her knowledge on October 8th. The petition repeated the name of the trial judge in its concluding paragraph and prayed for a trial before some other judge. The meaning and the intent of the petition were unmistakable and the defendant's argument that it was not in correct form is extremely technical. Section 3 of the Venue Act (Ill Rev Stats 1963, c 146, § 3) provides:

> "Every application for a change of venue shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant."

The provisions of the venue statute must receive a liberal rather than a strict construction and should be construed to promote rather than defeat the right to a change of venue. People v. Chambers, 9 Ill2d 83, 136 NE2d 812; Howarth v. Howarth, 47 Ill App2d 177, 197 NE2d 736. Since the plaintiff's verified petition contained the basic statutory requirements as to form, the slight irregularity pointed out by the defendant cannot defeat the plaintiff's right to a change of venue.

The next question is whether the plaintiff presented her petition in apt time. A petition for a change of venue must be filed at the earliest practical moment. Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33. It is not filed in apt time if the court has ruled on a substantive issue in the case or if there has been a formal hearing that will be binding on the parties and affect the court's decision on the merits. Miller v. Miller, 43 Ill App2d 214, 193 NE2d 105. The petition will be denied for lack of timeliness if it is filed for the purpose of delay or to avoid trial. Birtcher Corp. v. Oms Surgical Supply, Inc., 46 Ill App2d 57, 196 NE2d 711. In Roherty v. Green, 57 Ill App2d 362, 206 NE2d 756, and Steiner v. Steiner, 44 Ill App2d 355, 194 NE2d 508,

it was held that a pretrial conference, where no ruling on a substantive issue is made, is not in and of itself a formal hearing that would preclude a subsequent motion for a change of venue. In the instant case the pretrial conference appears to have been a typical informal hearing which included a discussion of a settlement figure. The trial judge made no decision affecting the merits of the case and decided no substantive issue and, since there is no indication of a dilatory purpose in filing the petition, the plaintiff's petition was filed in apt time.

██ The remaining issue concerns notice of the petition. The defendant received no notice of the presentation of the petition and argues that for this reason it was fatally defective. The defendant cites a number of cases in support of its position that the petition should have been denied for lack of notice. However, these cases are distinguishable in that in all of them at least one day's notice could have been given between the time the prejudice of the judge first became known and the filing of the petition, or the court had considered a substantive issue prior to the presentation of the petition, or the petition was filed for the purpose of delaying the trial.

Cases more in point are Mockler v. Thomas & Co., 273 Ill App 121 and People v. McGlothen, 26 Ill2d 392, 186 NE2d 319. In Mockler, a case that had been on the trial call of one judge was transferred to another. The plaintiff presented a petition for a change of venue on the day the case appeared on the trial call of the second judge. The petition charged prejudice and that the prejudice first became known to the plaintiff on the day the petition was presented. The petition was refused and the parties ordered to trial. On appeal the defendant insisted that the petition was filed for delay and that under the statute it was necessary to have served notice within a reasonable time before the trial. The court held that the petition was filed at the earliest possible opportunity,

was regular in form and properly verified and, therefore, should have been granted.

In People v. McGlothen, a criminal case, the circumstances paralleled those in the present case. When the case was called for trial both parties answered ready. The case was held on the call and after a recess the defendant's counsel informed the court that the defendant requested a change of venue. A written petition was filed in which the defendant stated that the trial judge was prejudiced against him and that he first became aware of the prejudice that day. The trial judge asked whether the State had received any notice and, upon being advised that it had not, denied the petition. The judge indicated that he did not believe that knowledge of the alleged prejudice came to the defendant during the recess and remarked that since the defendant had announced that he was ready for trial it was apparent that the petition was filed for the purpose of delay. The reviewing court said:

> "We are of the opinion that in this case, where the defendant stated that knowledge of the prejudice came to him during the recess, the actual filing of the motion in open court was the only notice possible, and was reasonable under the circumstances. The trial judge therefore erred in denying the change of venue and the judgment of conviction must be reversed and the cause remanded for a new trial."

The change of venue provisions for civil and criminal cases are alike insofar as they are pertinent to the instant case. Sections 5 and 23 of chapter 146 provide for reasonable notice of the application to the adverse party or to the State's Attorney as the case may be; but sections 6 and 24 provide that no change of venue shall be allowed if the application is made more than 30 days after return day in civil cases, and after the earliest date at which the applicant might have been heard in

criminal cases, unless 10 day's notice has been given to the opposite party or to the State's Attorney, respectively. However, there is an important exception in sections 6 and 24: 10 day's notice is not required when the cause for the application has arisen or has come to the knowledge of the applicant within 10 days before making the application. The court in People v. McGlothen applied this exception in holding that notice was not necessary when knowledge of the trial court's prejudice first came to the defendant on the same day the petition was filed and that in such a case the only notice required was the most effective notice that could be given under the circumstances.

The same reasoning applies to the present case. The plaintiff filed her petition on the same day the prejudice became known to her and filed it immediately upon the resumption of the proceedings after a lunch hour recess. She had consulted with her attorney during the noon-hour and had signed the petition and affidavit. There was really no opportunity for formal notice and it would be quibbling over minutes to hold that the defendant should have been supplied a copy of the petition a little bit sooner than it was.

█ Under the facts of this case the petition was improperly denied and all proceedings, including the order entered by the trial court subsequent to the denial, are void. People v. Davis, 10 Ill2d 430, 140 NE2d 675; Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33.

The order of dismissal is reversed.

Reversed and remanded.

SULLIVAN, P. J. and SCHWARTZ, J., concur.