**Irma Musolino, Plaintiff-Appellee, v. Checker Taxi Company, Defendant-Appellant.**

Gen. No. 53,397.

First District, Second Division.

April 22, 1969.

Jesmer and Harris, of Chicago (Julius Jesmer and Ronald J. Gold, of counsel), for appellant.

Leonard E. Newman, Berman and Newman, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This is a personal injury action brought to recover damages occasioned by the alleged negligence of the defendant, Checker Taxi Company, in the operation of its taxicab. The case was originally set for trial at 10:00 a. m., on May 28, 1968. Plaintiff's counsel said he would get his file and present a petition for change of venue.

He returned in ten minutes and presented two petitions which he had signed, and the court denied them on the ground that they were not in proper form, since the plaintiff had not signed them. The court then instructed counsel to return to court at 1:30 p. m., at which time counsel said the plaintiff would present a proper petition. The court stated he would entertain no other petitions for change of venue, and that they would go ahead at 1:30 and select a jury.

At the afternoon session, prior to beginning the selection of a jury, counsel for the plaintiff presented a signed petition for change of venue in proper form, and the following conversation followed:

> "The Court: Mrs. Musolino, do you know me? Did you ever see me before?
> "Mrs. Musolino:   No, sir.
> "The Court:   Motion denied."

Defendant's attorney then approached the court and said:

> "Your Honor, if I might say something. This puts me in an embarrassing situation. . . . I am put in the position now where I am going to have to take my client through the trial and if I am successful in winning it, I think that right now there are good grounds for a post-reversal upon appeal for failure to grant change of venue. I would think this is a good time right now that we would re-evaluate the situation. I think if we win, we lose. I think that is the situation here and we wouldn't be helping the backlog any by going ahead.

> "I am prepared to go. I will leave myself in your Honor's hands, but I just wanted for the record to state my position."

The Court said:

44

"The Court has already disposed of this petition because I told counsel when he prepared these two prior petitions we were going to trial at 1:30. There will be no more consideration to any further motions or petitions. Your recently submitted petition has been read, and I denied it."

Plaintiff's attorney said:

"May I file it?"

The Court said:

"Certainly. We can just keep on going on motions for change of venue and get to trial next Thursday."

The trial was commenced before a jury which returned a verdict in favor of the plaintiff, upon which the court entered judgment. An appeal was taken by the defendant from the judgment of the court.

In this court the defendant argues that the judgment against it should be reversed because the court, in denying the petition for change of venue, committed reversible error. The plaintiff urges that the court's denial of a petition for change of venue was proper, since the petition was made for the purpose of delay and that the defendant waived the alleged error by failing to object thereto, and that the defendant was not prejudiced by the denial of the petition.

The argument of plaintiff that the petition was filed for the purpose of delay is not borne out in the record, and under the circumstances of this case, is immaterial. It is, of course, the law that where either party fears he will not receive a fair trial in the court in which the suit is pending because the judge is prejudiced against him, a petition properly filed for change of venue must be allowed by the court. Ill Rev Stats 1967, c 146, § 1; Mockler v. David F. Thomas & Co., 273 Ill App 121.

■ In the instant case the petition for change of venue was filed at the earliest opportunity, was regular in form and properly verified. The Venue Statute left no discretion in a trial court to deny a properly prepared petition for a change of venue where such a petition is made on account of the prejudice of the trial judge. People v. Scott, 326 Ill 327, 157 NE 247.

The instant case is one of first impression. If we assume, for the sake of argument, that the petition for change of venue was improperly denied, the situation is not changed. In Chicago & A. R. Co. v. Harrington, 192 Ill 9, 61 NE 622, the court made the following statement at page 17:

> "It is claimed by the appellant that, when the court entered its first order in vacation denying the petition for a change of venue, it was thereafter without jurisdiction to take any steps in the case. This contention is without force."

It is true that in several cases decided in the Appellate Court the statement has been made that if a petition for change of venue is improperly denied, all proceedings subsequent to that order are void. See Johnson v. United Motor Coach Co., 66 Ill App2d 295, 214 NE2d 326; Hoffmann v. Hoffmann, 86 Ill App2d 374, 230 NE2d 277. However, in all of the cases where the court has used the word "void," judgment had been entered against the party whose petition for change of venue had been erroneously denied by the trial court, and that party is the one who is seeking to have the judgment vacated. Under those circumstances the use of the word "void," while loosely used, is a proper statement of the law.

■■ What is really meant by the statements in these cases is that if a petition for change of venue is made in accordance with the statute, and the court erroneously denies the petition for a change of venue, and if judgment is entered against the party seeking the

change of venue, the court, upon motion made by the party, must set the judgment aside and will hold it void. However, the rule also is that if a party asks for a change of venue and it is erroneously denied, the party seeking it may waive his rights by not asking afterwards to have the judgment vacated. The judgment is not void ipso facto.

■ We have been cited no case, nor have we been able to find one which would give a right to a defendant against whom judgment was entered to attack the judgment on the ground that the court had improperly denied the petition for change of venue on the part of the plaintiff. In our view of the case, insofar as the defendant is concerned, it is entirely immaterial whether the change of venue was properly or improperly denied. The defendant has no right to attack the judgment on that ground.

The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS, P. J. and BURKE, J., concur.