ROSEWOOD CORPORATION, Plaintiff-Appellant, *v.* TRANSAMERICA INSURANCE COMPANY *et al.*, Defendants-Appellees.

(No. 56201;

First District—November 8, 1972.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago, (Michael R. Turoff, of counsel,) for appellant.

Marshall Patner and Thomas R. Meites, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

In 1964, Rosewood Corporation contracted to convey title to a three-bedroom brick residence to defendants, Chester and Julia Fisher, for $24,500 with $1950 down and a deferred balance of $22,500 payable in monthly installments. In April, 1969, plaintiff brought a Forcible Entry and Detainer action against the Fishers alleging that the payments were not being made, that the payments were in arrears in the amount of $2800, and praying for possession of the premises. The case was tried and plaintiff obtained a judgment for possession. The Fishers filed a bond with defendant, Transamerica Insurance Co., as surety and appealed from that judgment. The Supreme Court of Illinois subsequently reversed the judgment (*Rosewood Corp. v. Fisher*, 46 Ill.2d 249, 263 N.E.2d 833), holding that the Fishers should have been permitted to present their equitable defenses to the action in the court below. Upon remand, plaintiff initiated the action at bar on the appeal bond to collect the delinquent payments under the contract.

The appeal bond which was filed, however, did not comply with the requirements set out for bonds in par. 20 of the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1969, ch. 57, par. 1, *et seq.*) The complaint therefore prayed for reformation of the bond to comply with the requirements of the statute and for judgment in the amount of the defaulted payments. The action was assigned to Judge Nathan Cohen of the Chancery Division of the Circuit Court and plaintiff filed a timely motion for a change of venue from Judge Cohen and also named three other judges assigned to the Chancery Division. The motion did not specify grounds for disqualification of any of the judges. The motion was denied and both parties then moved for summary judgment on the pleadings. The court denied plaintiff's motion to reform the bond and granted defendant's second motion for summary judgment holding that the bond was void because defendants had prevailed in the Forcible Entry and Detainer Action and because the bond section (Ill. Rev. Stat., ch. 57, par. 20), of the Act requires coverage only for "rent," not contract payments. Plaintiff appeals from those decisions.

## OPINION

■■ Ill. Rev. Stat. 1969, ch. 146, par. 7, provides for changes of venue in civil cases. The statute states:

> "A change of venue in any civil suit or proceeding in law or equity * * * may be had in any of the following cases:
>
> * * *
>
> "Second—Where either party shall fear that he will not receive a fair trial in the court in which the suit or proceeding is pending, because the inhabitants of the county are or the judge is prejudiced against him * * *."

This provision has been construed to allow a party one change of venue in any action as a matter of right without the necessity of specifying reasons therefor, and there is no discretion in the trial court to deny a first request for a change of venue. (*Gates v. Gates,* 38 Ill.App.2d 446, 187 N.E.2d 460; *Cory Corp. v. Fitzgerald,* 335 Ill.App. 579, 82 N.E.2d 485; *Musolino v. Checker Taxi Co.,* 110 Ill.App.2d 42, 249 N.E.2d 150.) This construction is a judicially developed exception to the statute which generally requires parties to state reasons for their claims of prejudice. *Bartkowski v. Hoefeld,* 226 Ill.App. 198.

The case at bar, however, presents a situation where a change of venue was denied because plaintiff named more than one judge in his motion and did not state specific grounds for the disqualification of the remaining three judges. The question with which we are presented is whether the addition of more than one judge to such a motion is grounds for a denial of any change of venue in a civil case.

■■ The courts of Illinois have consistently looked with great disfavor upon any abuse of the Venue Statute, and it is settled that such an abuse is grounds for a denial of any requested change. (*Johnson v. United Motor Coach Co.,* 66 Ill.App.2d 295, 214 N.E.2d 326; *Paramount Paper Tube Corp. v. Capital Engineering,* 11 Ill.App.2d 456, 138 N.E.2d 81.) Therefore if the motion at bar can be characterized as an abuse of the statute on its face, the denial of the motion was proper.

■■ Although this court has not found any direct authority which would sustain this proposition, our Supreme Court has spoken on the subject. In *Balaszek v. Blaszak,* 405 Ill. 36, 89 N.E.2d 796, the court said in *dicta:*

> "We might remark that, while we know of no direct authority requiring specifications of grounds of prejudice as against a single judge, we think it extremely unusual that an application should be made against a number of judges, without any reason being assigned as to why all of them have a personal prejudice. It is not a practice that appeals to us." 405 Ill. 36, 40-41.

While this court looks with equal disfavor upon the practice, we are also aware that an initial change of venue is considered a substantial right and that a request for such change must be liberally construed to permit rather than defeat the right to a change of venue. (*Caprata v. Black*, 127 Ill.App.2d 363, 262 N.E.2d 483; *Johnson Motor Coach Co., supra.*) With this in mind, it is argued that Judge Cohen should have granted the change of venue from himself and treated the names of the other three judges in the motion as mere surplusage when reassigning the case. This procedure would protect the movant's right to one change of venue *and* disallow the improper requests contained in the petition. While this proposition is an appealing compromise, we are not convinced that it is in accordance with established judicial policy of the state.

In *City of Chicago v. Marquardt*, 30 Ill.App.2d 108, 173 N.E.2d 825, this court was confronted with an analogous, though more extreme, situation. There the movant had named twenty-six of the thirty-six sitting Municipal Court judges in his petition for a change of venue, and he had failed to specify grounds for their disqualification. In upholding the denial of the change of venue, the court said:

> "We believe that a petition for a change of venue filed by a non-resident litigant, naming twenty-six out of thirty-six judges as being prejudiced against her, with no specifications of the grounds of prejudice, is an attempt to use the Act to avoid any trial of the cause or to avoid an expected adverse ruling. It is a patent abuse of the Act. In the absence of specifications of prejudice or a reasonable showing of good faith in seeking change of venue from twenty-six judges, a trial court is justified in determining that the petition is not filed in good faith, is used to abuse the Venue Act, and should be denied." 30 Ill.App.2d 108, 111-12.

In the case at bar, the motion for a change of venue named four of the seven judges who were then sitting in the Chancery Division of the Circuit Court. However, here the movant was a resident litigant and the Judicial Article now allows *any* Circuit Court judge within the judicial circuit to sit on a chancery matter. Because of these factual differences, we hesitate to rely upon *Marquardt* in concluding that the plaintiff here was attempting to avoid trial or an adverse ruling in presenting his motion.

■■ Our consideration of this problem has revealed, however, that this exact question has frequently arisen in the criminal law of our State. In Illinois a criminal defendant is entitled to name the judge he is before and another judge as an absolute right, and it has been well settled that naming more than two judges without specifying grounds in the petition

is an abuse of the Venue Statute and justifies complete denial of the motion. (See *People v. Myers,* 35 Ill.2d 311, 220 N.E.2d 297; *People v. Chambers,* 9 Ill.2d 83, 136 N.E.2d 812; *People v. Goss,* 20 Ill.2d 224, 170 N.E.2d 113.) Since this is a procedural question based upon analogous rights, we can see no cogent reason to treat such motions differently in civil cases than in criminal cases. (See *Johnson v. United Motor Coach Co.,* 66 Ill.App.2d 295.) We therefore hold that the inclusion of four judges in plaintiff's motion for change of venue without specifying grounds for disqualification was an attempt to obtain more than the authorized number of changes and was a patent abuse of the Act. Consequently, it was not error to deny the motion.

Plaintiff next contends that the trial judge erred in refusing to reform the bond to meet the requirements of the statute. Ill. Rev. Stat., ch. 57, par. 20, sets forth the requirements for a bond in an appeal from an adverse judgment in a Forcible Entry and Detainer action. The section provides, in part:

> "If the defendant appeals, the condition of the bond shall be that he will: (a) prosecute such appeal with effect; and (b) *regardless of the outcome of the appeal,* pay all rent then due or that may become due before the final determination of the suit   *   *   *."
> (Emphasis added.)

The paragraph further provides that if the appeal is dismissed or the judgment affirmed the bond shall provide for payment of any damages occasioned the appellee because of the delay.

The bond which was filed in this case, however, did not provide the coverage required under section (b) "regardless of the outcome of the appeal," but only provided coverage if the appeal was dismissed or the judgment affirmed. Thus, the bond did not conform to the requirements of the statute in this respect. Since the defendant ultimately prevailed in the action for possession of the premises, plaintiff asked the court below to reform the bond to add the required term. The request was denied.

■■ It is a well established rule in Illinois that a statute requiring a bond constitutes a part of the bond, and it must be assumed that the bond is executed with reference to the provisions of the statute. (*People v. G. H. Cross Co.,* 361 Ill. 405, 198 N.E. 356.) In *Chicago Housing Authority v. U.S.F. & G. Co.,* 49 Ill.App.2d 407, 199 N.E.2d 217, it was stated:

> "*   *   * [T]he established law in this state is that the provisions of the applicable statute will be read in a statutory bond." 49 Ill.2d 407, 410.

And in *Davis v. Moore,* 7 Ill.App.2d 519, the court said:

> "[T]his court holds that the statutory requirements of an appeal

bond are part of such bond, whether fully recited therein or not, that it is not error for a court to decree a reformation of a bond to conform to the statute (*although it may not be necessary*), and that judgment may be entered on an appeal bond according to the provisions of the statute, regardless of any error in the form of the bond." (Emphasis added.) 7 Ill.App.2d 519, 522.

It is apparent that judicial construction of the bond at bar must be with reference to the provisions of the pertinent bond statute regardless of the actual terms of the bond. Therefore, the same result would be reached with or without reformation. And since reformation is an equitable remedy lying in the sound discretion of the chancellor, we can see no prejudice to either party occasioned by the ruling nor any error in the denial of the motion to reform.

Plaintiff also contends that the trial judge erred in granting defendant's second motion for summary judgment. The requirements of the appeal bond section of the Forcible Entry and Detainer Act provide for the payment of rent, regardless of the outcome of the appeal.

The court below held that the action on the bond could not be maintained because (1) a contract buyer has an equitable interest and is not a tenant, therefore a contract buyer is not covered under the bond and (2) the Forcible Entry and Detainer Act only applies where the occupant owes for rent or for use and occupancy and here it has not been shown that anything is owed plaintiff, therefore the bond is a nullity. Plaintiff, however, urges that "rent," as used in the statute, should be construed broadly enough to include contract payments.

The Forcible Entry and Detainer Act provides a remedy for landlords and contract sellers. Par. 2 of the Act provides:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

\* \* \*

Fifth, When a vendee having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof, after demand in writing by one person entitled to such possession."

Par. 19 of the Act provides for appeal in the Forcible Entry and Detainer action and par. 20 sets out the requirements of the appeal bond. Section (b) of that paragraph contains the word "rent" which the lower court held was not applicable to a contract purchaser. This section provides for recovery of "rent" regardless of the outcome of the appeal. Thus, even though the bond provision may be inapplicable, the bond is not void merely because the judgment was reversed.

■■ Generally, the rule of statutory construction is that terms expressly stated were intended by the legislature and terms excluded cannot be implied in the statute. (*People v. Collins*, 351 Ill. 551, 184 N.E. 641; *Howlett v. McGarvey*, 334 Ill.App. 512, 79 N.E.2d 864, *aff'd* 402 Ill. 311, 83 N.E.2d 708.) There is nothing in the legislative history of par. 20 on which to base a conclusion that Section (b) applies to other than tenants.

One of plaintiff's arguments is that par. 22, which provides for enforcement of obligations during the time in which the plaintiff appeals, covers any leases and contracts between the parties. Plaintiff argues that pars. 20 and 22 were amended at the same time and therefore were intended to cover the same situations. This argument, however, cannot stand. Each paragraph pertains to an entirely different aspect of the Act. Par. 20 applies to conditions of an appeal bond when the defendant in the original action appeals; par. 22 does not encompass appeal bonds and is applicable when the plaintiff in the action appeals. Thus the general rule of statutory construction applies, and the presumption is that Section (b) is applicable only to rental situations. If the legislature intended par. 20, Section (b) to apply to contract purchasers, it would have expressed that intent in the Section, as it did in par. 22.

A second problem which arises in statutory construction is to determine whether there is in fact a distinction between contract buyers and tenants, and therefore the literal construction of Section (b) would not defeat the purpose of the Act. Plaintiff argues that "rent" means use and occupancy, and contract buyers, like tenants, pay for use and occupancy.

■■ The Supreme Court in *Rosewood Corp. v. Fisher*, 46 Ill.2d 249, stated that the purpose of the Forcible Entry and Detainer Act was not only to provide a vehicle for summary possession, but was to provide a means for prompt determination of the possessory rights involved. In this regard, the court did distinguish between renters and contract buyers:

> "[M]atters which go to the validity and enforcibility of that contract are germane, or relevant to a determination of the right to possession. This is particularly true for two reasons. First, because a contract buyer becomes the equitable owner of the property upon execution of an installment contract [Cite omitted.] and thus by such action may be stripped of his equitable ownership as well as the loss of possession, but unlike a tenant, trespasser or squatter, is likewise faced with the loss of equity accumulated by payments made on the contract." 46 Ill.2d 249, 257.

In light of these distinctions, we hold that Section (b) of par. 20 applies only to landlord-tenant situations. Thus the plaintiff was not entitled to relief under par. 20. Plaintiff is not denied all relief, however, for it can maintain a suit for unperformed contract obligations when there has been

a determination of liability. Thus it was not error for the lower court to grant defendants motion for summary judgment. We affirm.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.