WHEATON NATIONAL BANK, as Trustee, under Trust #1231, Plaintiff-Appellee, *v.* LORRAINE AARVOLD, Defendant-Appellant—(THE SAVINGS AND PROFIT SHARING PENSION FUND OF SEARS, ROEBUCK & COMPANY EMPLOYEES *et al.*, Defendants.)

(No. 72-289;

Second District—December 18, 1973.

Barclay, Damisch & Sinson, of Chicago (Loretta Didzerekis, of counsel), for appellant.

Burek & Field, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant Lorraine Aarvold appeals from the interlocutory orders of the trial court entered in a suit for declaratory judgment instituted by the Wheaton National Bank acting as Trustee under a trust of John O. Aarvold, Jr.

The issues raised upon appeal are whether the trial court properly (1) restrained the defendant from proceeding in any manner in the circuit court of Cook County until the suit seeking declaratory judgment in Du Page County was settled; (2) denied a motion for change of venue under Ill. Rev. Stat. 1971, ch. 146, sec. 1, based upon the alleged prejudice of Judge Locke; and (3) denied a motion for change of venue to Cook County under Ill. Rev. Stat. 1971, ch. 110, par. 5.

We do not deem it necessary in this case to discuss in detail the pleadings or the facts.

Briefly, upon the motion of the Wheaton National Bank, defendant's attorney on July 26, 1972, stipulated that a temporary restraining order could issue until the hearing on the merits on August 23, 1972. On that date the motion for change of venue from Judge Locke was properly and timely made. The motion was denied and Judge Locke thereupon entered an order that the "temporary injunction" remain in effect until "determination of this lawsuit in Du Page County."

● 1   Under Supreme Court Rule 307 an appeal may be taken as a matter of right from an interlocutory order of the trial court which grants, modifies, dissolves, or refuses to dissolve or modify an injunction. (Ill. Rev. Stat. 1971, ch. 110 A, par. 307(a) (1).) In *Bohn Aluminum and Brass Co. v. Barker* (1973), 55 Ill.2d 177, the Illinois Supreme Court ruled that an order refusing to dissolve and continuing a temporary restraining order is appealable under Rule 307. We therefore find that defendant is properly before this court on an interlocutory appeal under the provisions of Supreme Court Rule 307(a)(1).

■■ As the courts of Illinois have said over and over again, a motion for change of venue in proper form and timely filed based on the alleged prejudice of the Judge before whom the matter is pending, is a motion that must be granted by that judge. Any orders entered by that judge subsequent to the order denying the change of venue are void. We cite only the most recent case reiterating this acknowledged rule of law and do not deem it necessary to cite the multitudinous cases to this effect. *Little v. Newell* (1973), 14 Ill.App.3d 564, 302 N.E.2d 739.

The most closely analogous case to the situation before us is the case of *Lionel Corp. v. Central Appliance and Furniture Co.* (1954), 3 Ill. App.2d 460, 122 N.E.2d 832. In that case, after an injunction was issued, the plaintiff's petition for a change of venue was denied. The trial court subsequently vacated the order granting the injunction and plaintiff appealed. The appellate court there considered the motion for change of venue, holding that the chancellor should have granted the same, and having denied the change of venue, all proceedings subsequent thereto were void. That is the situation before us. After the denial of the change of venue by the trial judge, his subsequent order is void. However, defendant stipulated before Judge Fitzgerald that she be restrained "until such time as the motions pending in the circuit court of Du Page County have been adjudicated." While we find that the order entered by Judge Locke was of no force or effect after he denied the motion for change of venue, the issues are still to be presented in Du Page County, namely, the propriety of the issuance of the temporary injunction or restraining order, and the motion for transfer of the cause to the circuit court of Cook County.

■■ Counsel for plaintiff in oral argument has conceded that the cause should be remanded to a different judge for hearing upon the merits of the existing injunction and the motion for transfer to Cook County.

We therefore accordingly remand the cause to the circuit court of Du Page County for assignment to a judge of that circuit other than Judge Locke, for a hearing upon the merits of the existing injunction and whether or not the matter should be transferred to Cook County.

Remanded.

SEIDENFELD and T. MORAN, JJ., concur.