GREGORY R. FREDE, Plaintiff-Appellant, *v.* VAL McDANIELS *et al.*, Defendants-Appellees.

First District (4th Division)    No. 61094

Opinion filed April 14, 1976.—Rehearing denied May 12, 1976.

Moltz & Wexler, of Chicago (Leon C. Wexler, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Harry J. O'Kane, and Michael K. Murtaugh, of counsel), for appellee David Downs.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff appeals from a final order denying his motion for a change of venue in a personal injury suit arising out of a boating accident.

On August 19, 1974, this case was assigned for trial to Judge Paul F. Elward of the law division of the circuit court of Cook County, Illinois. The judge conducted a pretrial conference between the attorneys on the same day. It was determined that answers to certain interrogatories and supplemental interrogatories should be filed within 72 hours, that plaintiff would answer the motion for summary judgment within 7 days and that the trial would be set for September 9, 1974.

Seven days later, on August 26, plaintiff filed with Judge Elward a motion for change of venue. Defendants did not file an answer to the motion or raise any objections in the hearing on the merits which was held the following day. The judge determined that substantive rulings had been made and denied the motion as untimely. A motion for summary judgment which was filed by defendant David Downs was then heard and granted. On September 9, the date set for trial, plaintiff refused to proceed against defendant Val McDaniels and the judge dismissed the case for want of prosecution.

Plaintiff now appeals to this court, contending that the petition for a change of venue was improperly denied and that the subsequent orders issued in the case should be reversed.

■■ The venue statute (Ill. Rev. Stat. 1973, ch. 146, §1) provides that a change of venue in any civil action may be had where any party fears that he will not receive a fair trial in the court in which the action is pending because the judge is prejudiced against him. The venue provisions are to be liberally construed in order to effect rather than defeat a change of venue (*Rosewood Corp. v. Transamerica Insurance Co.* (1972), 8 Ill. App. 3d 592, 595, 290 N.E.2d 656), particularly where prejudice on the part of the judge is charged. (*Howarth v. Howarth* (1964), 47 Ill. App. 2d 177, 181, 197 N.E.2d 736.) Accordingly, Illinois cases have repeatedly held that a motion for change of venue in proper form and timely filed is absolute and must be granted. *Wheaton National Bank v. Aarvold* (1973), 16 Ill. App. 3d 193, 195, 305 N.E.2d 541; *Rosewood Corp. v. Transamerica Insurance Co.* (1972), 8 Ill. App. 3d 592, 594, 290 N.E.2d 656.

Since there is no dispute as to the form of the petition, the only question is whether the motion was timely filed. A motion for a change of venue must be filed at the earliest practicable moment; it comes too late if filed after the trial judge has ruled on a substantive issue in the case or after the hearing has begun and the judge has ruled adversely to the petitioner. *Maroney v. Maroney* (1969), 109 Ill. App. 2d 162, 169, 249 N.E.2d 871.

Plaintiff filed his motion 7 days after the case had been assigned to Judge Elward and 19 days before the trial date. Notwithstanding this, the judge determined that the motion was not timely because he had ruled on a substantive issue. We disagree. Several cases have held that a petition for a change of venue, filed immediately subsequent to a pretrial conference, is not untimely. (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 111, 285 N.E.2d 156; *Johnson v. United Motor Coach Co.* (1966), 66 Ill. App. 2d 295, 299, 214 N.E.2d 326; *Roherty v. Green* (1965), 57 Ill. App. 2d 362, 369, 206 N.E.2d 756.) Although the pretrial discussion here necessarily involved certain aspects of the merits of the case, no rulings were made on any substantive issues. The only definitive action appears to have been the setting of dates for answering interrogatories and trial. We do not believe that the preliminary matters considered by the judge had any direct bearing on the substantive issues. (*Miller v. Miller* (1963), 43 Ill. App. 2d 214, 219, 193 N.E.2d 105.) We therefore hold that the motion for change of venue was timely.

■■ Defendant Downs contends that it was appropriate for the trial judge to inquire into the good faith of plaintiff's motion for a change of venue. However, this argument ignores the proposition that it is not for a judge to determine whether or not he entertains prejudice against a party. (*People v. Shiffman* (1932), 350 Ill. 243, 246, 182 N.E. 760.) A trial court has no discretion to deny a petition based on prejudice which is both timely and in proper form. (*Musolino v. Checker Taxi Co.* (1969), 110 Ill. App. 2d 42, 46, 249 N.E.2d 150.) Change of venue is a substantial right of a litigant (*Minster v. Minster* (1964), 53 Ill. App. 2d 428, 431, 203 N.E.2d 446), and the law is that where either party fears that he will not receive a fair trial, the petition must be allowed by the court.

■■ The orders granting summary judgment for defendant Downs and dismissing the suit against defendant McDaniels for want of prosecution must be reversed. Any order entered subsequent to an improper denial of a change of venue is void. *Wheaton National Bank v. Aarvold* (1973), 16 Ill. App. 3d 193, 195, 305 N.E.2d 541; *Little v. Newell* (1973), 14 Ill. App. 3d 564, 568, 302 N.E.2d 739.

For the foregoing reasons, the order of the circuit court of Cook County denying the petition for change of venue and all orders entered subsequent thereto are reversed. The cause is remanded for further proceedings in accord with this opinion.

Reversed and remanded.

BURMAN and ADESKO, JJ., concur.