JOAN C. LITTLE, Plaintiff-Appellant, v. JUNE L. NEWELL, Defendant-Appellee.

(No. 72-287;

Third District—October 12, 1973.

James Kellstedt, of Peoria, for appellant.

Ross Canterbury, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Joan Little, brought this action against defendant-appellee, June Newell, in the Circuit Court of Peoria County to recover damages for personal injuries sustained as a result of a rear-end automobile collision. Prior to a hearing on a motion to dismiss the complaint filed by defendant, plaintiff's attorney filed a petition for change of venue on grounds he believed the judge to be prejudiced against him and such prejudice would impair the right of plaintiff to a fair trial. The trial court denied the petition for change of venue. No written objections to plaintiff's petition were filed by defendant and the court in ruling on the petition gave no reasons for its action. Plaintiff thereafter

refused to participate in any further proceedings. Subsequently, on defendant's motion, the court dismissed the complaint.

In this court brought by plaintiff, the sole issue raised is whether the trial court erred in denying plaintiff's petition for change of venue. Plaintiff contends she has an absolute right to a change of venue since the court had not ruled on any substantive issue in the case and the petition was proper in form. Section 1 of the Venue Act (Ill. Rev. Stat. 1971, ch. 146, par. 1) provides:

"A change of venue in any civil action may be had in the following situations:

(1) * * *

(2) Where any party or his attorney shall fear that he will not receive a fair trial in the court in which the action or proceeding is pending, because the inhabitants of the county are or the judge is prejudiced against him, or his attorney, or the adverse party has an undue influence over the minds of the inhabitants. In any such situation the venue shall not be changed except upon application, as hereinafter provided or by consent of the parties."

Section 3 of the Act describes the form and other requirements of an application as follows:

"Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds."

■■ The rule is well settled that a right to a change of venue due to prejudice of a judge is absolute if the requirements of the statute are met. (*Roherty v. Green,* 57 Ill.App.2d 362, 206 N.E.2d 756.) Both parties agree this rule governs in the present case. Defendant, however, presents in his brief three main contentions as to why it was proper to deny the plaintiff's petition. First, it is argued the petition was defective in that it was initiated by plaintiff's attorney, and the prejudice alleged was against the plaintiff's attorney rather than against plaintiff. Furthermore, the prejudice was that of a judge who was to hear a motion to dismiss the complaint prior to the trial.

■■ We believe the language of the Venue Act dispels any merit in this contention. Either a party or his attorney may apply for a change of

venue by a petition (Ill. Rev. Stat. 1971, ch. 146, par. 3) and the grounds can be a judge prejudiced against either a party or his attorney (Ill. Rev. Stat. 1971, ch. 146, par. 1). Further, defendant does not cite any authority which would preclude a change of venue when the alleged prejudiced judge is one to hear a motion to dismiss. Surely, contrary to defendant's argument in the present case where prejudice is asserted, a ruling by the judge on a motion to dismiss the complaint is substantive and also could affect whether a party receives a fair trial. In *Swanson v. Randall*, 30 Ill.2d 194, 195 N.E.2d 656, the supreme court ruled that a petition for change of venue filed after the trial court had denied the petitioner's motion to strike the complaint came too late, because the denial of the motion to strike was a substantive ruling. Had plaintiff waited until after the trial judge's ruling on defendant's motion to dismiss before requesting the change of venue, a denial of the petition would be proper on grounds of filing too late.

■■ Defendant's second contention is the petition was not timely filed. His only support for such contention is bringing to our attention the fact that prior to filing the petition, plaintiff requested and was granted several continuances on the hearing of the motion to dismiss, knowing at all times the judge who was to hear the motion. Defendant cites *Department of Public Works & Buildings v. First National Bank of Joliet*, 9 Ill.App.3d 633, 292 N.E.2d 487, in support of his position that if the petition for change of venue is for the purpose of delaying trial, the court's denial of the petition is not error. In that case this court declared that *Hoffmann v. Hoffmann*, 40 Ill.2d 344, 239 N.E.2d 792, sets forth the applicable law. In *Hoffman*, the supreme court said if the petitioner has attempted to delay trial by motions for continuances prior to his motion for change of venue, the trial court can inquire into the good faith of petitioner's motion. We find nothing in the record to indicate such inquiry was made nor is there any evidence of bad faith on the part of plaintiff. For this reason we find defendant's second contention does not offer any support for the action of the trial court.

■■■ Finally, it is contended by defendant that plaintiff, by failing to participate in the proceedings following the denial of her petition for change of venue, may not now object to the judgment which dismissed her complaint. Although there is a rule which says participation in the trial by a party who has been denied a change of venue does not waive error in the denial of the petition for change of venue (*Howarth v. Howarth*, 47 Ill.App.2d 177, 197 N.E.2d 736), this rule does not require participation nor does defendant cite any authority for such requirement. By refusing to participate, plaintiff must take the chance that if she does not prevail on appeal on the issue of her right to a change of venue,

the judgment must stand. On the other hand, if the court's denial of the petition was improper, all subsequent proceedings by the trial court must be rescinded. (*Talbot v. Stanton,* 327 Ill.App. 491, 64 N.E.2d 388.) We fail to see how plaintiff waived her right to object to the lower court order dismissing her complaint since she has objected to the denial of the petition and if the petition was denied in error, the order must be set aside. By appealing from the judgment dismissing her complaint, the plaintiff has properly raised the question of the propriety of the court's ruling on her change of venue petition and the subsequent proceedings leading to a final and appealable judgment. Such a conclusion is consistent with *Musolino v. Checker Taxi Co.,* 110 Ill.App.2d 42, 249 N.E.2d 150, which in effect holds that if a party believes himself aggrieved by an erroneous ruling on a petition for change of venue, it is only such party who may complain of such error.

We are of the opinion the petition was in proper form, filed in apt time, and the error was not waived by plaintiff's refusal to participate in the subsequent proceeding. Also, the plaintiff's request to set aside the subsequent dismissal of her complaint because of the error must be granted.

Accordingly, the judgment of the Circuit Court of Peoria County is reversed and the cause remanded with directions to grant the petition for change of venue.

Judgment reversed and remanded with directions.

DIXON, P. J., and SCOTT, J., concur.