SANDY M. STAUFFER, Individually and as Adm'rx of the Estate of TERRY LeROY STAUFFER, SR., Plaintiff-Appellant, *v.* JOHN HELD *et al.*, d/b/a BAALMAN'S TAVERN, Defendants-Appellees.

(No. 12347; )

Fourth District—January 23, 1974.

Hallett, Floyd & Fitzgerald, of East Alton (Keith H. Fitzgerald, of counsel), for appellant.

No appearance for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

██ The circuit court of Calhoun County entered a judgment in favor of the defendants and against the plaintiff following a jury's verdict finding the defendants not guilty in a dram shop action. Thirty days elapsed. Neither party moved. On November 2, thirty-three days after the final judgment in the case was entered, plaintiff filed a motion for an extension

of time within which to file a post-trial motion. The defendants moved to strike this petition for an extension of time on the grounds that the plaintiff's motion was not filed within the time required by statute. A second motion for an extension of time was filed by the plaintiff on March 22. On May 18, the trial court disposed of the motions by the following order: "Plaintiff's counsel does not appear. Defense counsel present. Arguments with defense counsel heard. Plaintiff's post-trial motion denied, both on its merits and by default." Notice of appeal was filed June 8.

> "* * * [T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a *timely* post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." (Emphasis supplied.) Ill. Rev. Stat. 1971, ch. 110A, par. 303(a).

The key word here is timely. Patently no notice of appeal was filed within 30 days of the judgment. Equally apparent is that the trial court was without jurisdiction to extend the time for filing a post-trial motion after the expiration of 30 days. Nowhere in this record does it appear that a timely post-trial motion was ever filed.

The terms of Ill. Rev. Stat. 1971, ch. 110, par. 68.1(3), are unequivocal and it states: "Post-trial motions must be filed within 30 days after the entry of judgment * * *, or within any further time the court may allow *within* the 30 days or any extensions thereof." (Emphasis supplied.) The procedural methods required for perfecting an appeal and preserving questions for review were simply not complied with. Under such circumstances, there is nothing for us to review, nor is there anything preserved for review. In no event can it possibly be said there was a timely filing of a post-trial motion or any other means employed to timely attack the finality of the judgment.

Accordingly, we are of the opinion that the trial court was without jurisdiction to entertain the motion for an extension of time or to dispose of the post-trial motion on the merits under the circumstances portrayed in this record. The rights preserved under both the rules and the statute to permit the plaintiff a review of her cause of action and of the judgment against her were simply not followed.

■■ We took with this case a motion by the defendants to dismiss the appeal for the reason that plaintiff's motion for new trial was filed too late. Plaintiff's counsel stated the reason he did not appear in the circuit court to argue the post-trial motion was because he had no notice. If such were the case, the proper place to raise that question would be in

the trial court where if he actually received no notice, the order could be vacated and reconsidered. On this record, the only evidence of non-notice is plaintiff's bald statement in her reply to the appellees' motion to dismiss unsupported by affidavit. *Rosewood Corp. v. Fisher,* 46 Ill.2d 249, 263 N.E.2d 833.

■■ In addition, the abstract of the record falls far short of the requirements of an abstract. It does not contain the judgment or order appealed from nor the notice of appeal. Such is required. (Ill. Rev. Stat. 1971, ch. 110A, par. 342(e) (4).) In addition, we might point out that the abstract does not contain the motion for new trial, the motion to strike the motion for new trial, the order of the court to which we referred earlier in this opinion nor any motion filed within 30 days for leave to extend the time for a post-trial motion. Appellate courts prefer to decide cases on their merits and seek to avoid determinations based on procedural or rule violations or omissions. However, as was stated in *Brantley v. Delnor Hospital, Inc.,* 120 Ill.App.2d 185, 192, 256 N.E.2d 369, 373, "* * * [F]lagrant and continued infringements of procedures and rules cannot be tolerated, and may justify our affirmance of the trial court's dismissal of the action for want of prosecution, without hearing the case on its merits."

Procedural rules are not designed as a trap for the unwary, but as guidelines for the diligent in an adversary proceeding. This record is abundantly clear that under the rules nothing is preserved for review. It is now too late to obtain leave to file a motion for new trial within the time required by the rules. We conclude therefore that in the orderly administration of justice this court can and must follow the prescribed procedural rules. An examination of this record clearly indicates that the adherence to these recognized procedural rules in this instance is not an onerous imposition thwarting the ends of justice, but rather is an implementation of required orderly procedure to resolve judicial issues on review. The action taken in *Brantley* is likewise warranted here.

Accordingly, the motion to dismiss the appeal is denied and the judgment of the trial court is affirmed.

Affirmed.

CRAVEN and TRAPP, JJ., concur.