FOREST PRESERVE DISTRICT OF COOK COUNTY, Petitioner-Appellant, *v.* SOUTH HOLLAND TRUST & SAVINGS BANK *et al.,* Defendants-Appellees.

First District (5th Division)   No. 60487

Opinion filed May 14, 1976.—Rehearing denied July 1, 1976.

J. Stirling Mortimer, of Mortimer & Hoffman, of Chicago, for appellant.

Burke and Weber, of Chicago (Thomas T. Burke and Robert J. Weber, of counsel), for appellees.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This is an appeal from a judgment entered in an eminent domain proceeding filed by the Forest Preserve District of Cook County (petitioner) in the circuit court of Cook County on June 1, 1972. Petitioner sought to acquire the title to 155.95 acres of land which was held by the South Holland Trust & Savings Bank as trustee for the beneficial owners, Olga Jerzyk and her son, Joseph Jerzyk. (The trust and the Jerzyks are hereinafter referred to as defendants.)

The subject property is situated in Bloom Township, Illinois, contiguous to Dyer, Indiana, on the Illinois-Indiana State line and is improved with a residence and some farm type buildings. It is zoned in

part R-2 and R-3 under the Cook County ordinance and was farmed. The western half is wooded, while the eastern portion is cleared. The only legal access thereto is by way of an unimproved street west of the subject property.

Petitioner presented the testimony of two real estate appraisers, a soils engineer and a sale witness. Defendant offered five witnesses: an architect-land planner; two real estate appraisers; a sale witness; and the town attorney of Dyer, Indiana. The values expressed by petitioner's valuation experts ranged from $534,000 to $546,000 or $3,400 to $3,500 per acre. The values of defendants' experts ranged from $1,277,000 to $1,400,000 or $8,250 to $9,000 per acre.

The jury rendered a verdict setting the compensation for the taking of the subject property at $1,080,000 or approximately $6,924 per acre and the court entered judgment on the verdict. Petitioner filed a post-trial motion which was denied, whereupon petitioner filed this appeal.

Petitioner's first point on appeal is that the trial court erred in admitting the hearsay testimony of Michael Muenich, the town attorney of Dyer, Indiana, on the question of the proximity of sewer and public water lines adequate to service the subject property. The following answer was solicited on direct examination by counsel for defendants:

> "Q. In your capacity as attorney for Dyer, and based upon your experience and study of the record, could you tell this jury whether or not the existing facilities of the Town of Dyer at the corner of Forest Drive would be sufficient to handle 610 units as of June 1, 1972?
>
> A. That is my understanding, yes."

The following questions were asked of Muenich on cross-examination by counsel for petitioner:

> "Q. You said on direct-examination that you were given to understand.
>
> A. That is correct.
>
> Q. Who gave you that understanding? Did somebody else tell you that?
>
> A. The Superintendent of Public Works informed me when I first questioned him last year, he indicated at that time that the line was sufficient to service the area.
>
> Mr. Branigan: I move that testimony stricken as hearsay.
> * * *
>
> Court: It may stand."

Subsequent to Muenich's testimony, counsel for petitioner raised the issue of the Dyer sewer during the cross-examination of defendants' appraiser, John McNamara. McNamara testified that the closest sewer was at the northeast corner of the subject property at the intersection of

Forest View Drive and Schmidt Road, that the cost to extend the sewer would not exceed $20,000 to $25,000, and that the 24-inch interceptor sewer would be sufficient to service the property.

■■ It is well settled that one cannot complain of admission of evidence offered by one party where practically the same evidence is afterward introduced by the party so complaining. (*Powell v. Weld,* 410 Ill. 198, 101 N.E.2d 581; *Porter v. Terminal Railroad Association,* 327 Ill. App. 645, 65 N.E.2d 31; *Santiago v. Package Machinery Co.,* 123 Ill. App. 2d 305, 260 N.E.2d 89.) We find that petitioner waived any alleged error by soliciting from McNamara substantially the same testimony regarding the Dyer sewer system.

Petitioner also alleges in its first point that the court erred in allowing Muenich to testify regarding reciprocal agreements between Indiana municipalities and Illinois property owners. Petitioner neither objected to this testimony at trial, nor was this issue raised in its post-trial motions. It therefore is waived. *Department of Public Works & Buildings v. Klehm,* 56 Ill. 2d 121, 306 N.E.2d 1.

Petitioner next contends that since the record discloses insufficient evidence of a probability of rezoning it was error to have permitted defendants' valuation witnesses to testify as to the value of the subject property based upon the highest and best use permitted under a higher rezoning.

Under the well-established law of eminent domain the owner of property condemned for public use is entitled to just compensation measured by the fair market value of the property for its highest and best use upon the date that the condemnation petition is filed even if, at the time of filing the petition the land is not being put to such use. (*City of Chicago v. Giedraitis,* 14 Ill. 2d 45, 150 N.E.2d 577; *City of Chicago v. Equitable Life Assurance Society,* 8 Ill. 2d 341, 134 N.E.2d 296.) In ascertaining the market value the trier of fact may take into consideration the reasonable probability of rezoning the property. (*Department of Public Works & Buildings v. Rogers,* 39 Ill. 2d 109, 233 N.E.2d 409; *Park District of Highland Park v. Becker,* 60 Ill. App. 2d 463, 208 N.E.2d 621.) However, the valuation witnesses' testimony must include sufficient evidence of certain "factors" which would permit the jury to find this reasonable probability of rezoning. (*Lombard Park District v. Chicago Title & Trust Co.,* 103 Ill. App. 2d 1, 242 N.E.2d 440.) The court in *Lombard,* without purporting to set forth all of the factors stated that:

> "[S]ome of the significant factors may be the rezoning of nearby property, growth patterns, change of use patterns and character of neighborhood, demand within the area for certain types of land use, sales of related or similar properties at prices reflecting anticipated rezoning, physical characteristics of the subject and of

nearby properties and, under proper circumstances, the age of the zoning ordinance. [Citations.]" 103 Ill. App. 2d 1, 8.

■■ It is now for this court to examine the testimony of defendants' appraisal witnesses to determine whether there is sufficient evidence of such factors which would permit a jury to conclude there is a reasonable probability of rezoning. John McNamara and Richard Hoekstra testified as valuation experts on behalf of defendants. Both testified that the highest and best use of the subject property would be a planned unit development under an R-4 zoning classification. McNamara stated that based on a highest and best use, a just compensation for the 156 acres as of June 1, 1972, would be $1,400,000, or approximately $9,000 per acre. McNamara relied upon several factors to support his belief that there was a reasonable probability of the rezoning of the property to permit its use as a planned unit development. His reliance on the factor that there is a demand within the area for certain types of land use was evidenced by his testimony that several planned unit developments are being constructed in the vicinity of the subject property. His consideration of the physical characteristics of the subject property was made evident by his testimony describing the topography of the land. He also testified that he considered the growth pattern trends of the area. Hoekstra valued the property at $1,277,000 or $8,250 per acre as of June 1, 1972. Hoekstra's reliance upon the character of the neighborhood and demand within the area for certain types of land use as factors to support his belief that there was a reasonable probability of rezoning was evidenced by his testimony describing the type of homes found in the vicinity of the subject property and his testimony relating to the two new subdivisions being constructed in the general area. Petitioner presented no evidence to rebut defendants' testimony as to potential use. We conclude that the record discloses sufficient evidence of a reasonable probability of rezoning to have allowed the jury to consider the testimony of defendants' appraisal witnesses and award $1,080,000 as compensation for the taking of defendants' property.

■■ Petitioner's next contention is that it was prejudiced by the trial court admitting into evidence defendants' Exhibits 3 and 4. Exhibit 3 was a rendering drawn by land planner and landscape architect Duane Linden showing 610 single-family units, an 18-hole golf course, a clubhouse, a swimming pool and various ponds. Exhibit 4 was Mr. Linden's rendering of a housing unit which purported to be a typical unit in the proposed development.

Petitioner admits that the determination of the relevance and explanatory value of demonstrative evidence is within the discretion of the trial court. We cannot say that the court abused that discretion. Our Supreme Court has stated in the case of *Department of Public Works &*

*Buildings v. Chicago Title & Trust Co.*, 408 Ill. 41, 52, 95 N.E.2d 903, that:
"Plats, photographs, drawings and diagrams, which illustrate the subject matter of testimony, may be received into evidence for the purpose of showing a particular situation, explaining the testimony or enabling the jury to apply the testimony more intelligently to the facts shown. (*Smith v. Sanitary Dist. [sic]* 260 Ill. 453.)"
In the instant case the jury repeatedly heard references by witnesses for both petitioner and defendants to a planned unit development as a departure from the old grid system of development. The jury was informed that about half the property was located in a flood plain, but that it could nevertheless be developed to four units per acre. The jury also heard testimony with respect to the concept of clustering units and the need for recreational amenities. We find that Exhibits 3 and 4 were properly admitted into evidence to explain this testimony which was of a somewhat technical nature and to assist the jury in its determination of the facts.

Petitioner next alleges that the trial court erred in permitting defendants to present evidence of a recent sale in the vicinity of the subject property to the jury for its consideration. Petitioner submits that the sale was dissimilar by virtue of the fact that the purchaser of the sale parcel bought it as part of an assemblage of property and relies solely upon *Trustees of Schools v. Chicago City Bank & Trust Co.*, 126 Ill. App. 2d 302, 262 N.E.2d 80.

Defendants on direct examination introduced the testimony of the attorney for the sellers of the sale parcel. Testifying initially at an *in camera* hearing on the question of comparability, the attorney stated that the sale parcel consisted of 37½ acres; was located approximately 3½ miles from the subject property; that the sale parcel was zoned R-3 residential by the county of Cook; that water was not available to the property; that the purchase price was $8,800 per acre; and that the date of the sale was September 15, 1971. On cross-examination during the *in camera* hearing, the attorney stated that the sale parcel was part of an assembly of land in the area by the buyer, Allied Homes Inc. The court denied petitioner's objection that the sale property as part of an assemblage is dissimilar, and permitted the evidence of the sale to go to the jury.

We do not believe that *Trustees of Schools* stands for the petitioner's proposition that an "assemblage sale" as a matter of law is inadmissible as a comparable sale. In that case, the sale parcel (the property being used as a comparison) consisted of four 25-foot lots which were in one ownership and improved with a service station. The court stated that the testimony at trial revealed that the purchaser wanted the sale parcel for the purpose of enlarging his existing laundry facility and to provide a parking area for

that laundry. To make room for this expansion, the purchaser was going to demolish the service station on the sale parcel. Based on these facts the court found that the purchaser had a "special purpose" for the sale parcel and therefore placed a "special value" upon the property. Having made this finding, the court reasoned that the price paid was not the market price because it reflected in part the "special purpose" of the purchaser. Therefore, the selling price can have no relevance to the issues to be determined by the jury.

■■ In the case at bar the facts surrounding the questioned sale do not support petitioner's contention that Allied Homes Inc. had a special purpose for the sale parcel which resulted in a special value. Petitioner offered no evidence to show whether the sale parcel was the first or a subsequent purchase made in Allied's holdings, whether the sale parcel was contiguous to other property already owned by Allied Homes Inc. or whether the parcel was the only tract available to Allied Homes Inc. whereby it could profitably complete its holdings. We find that without any showing of a "special purpose" resulting in a "special value" affecting the similarity in properties the sale in the instant case is to be treated as any other comparable sale, the admissibility of which is governed by the general principles announced in *City of Evanston v. Piotrowicz*, 20 Ill. 2d 512, 522, 170 N.E.2d 569:

> "As we have also stated in the past, no fixed or general rule has or could be laid down which governs the degree of similarity that must exist between the properties sold and that condemned to make evidence of the sale or sales admissible; rather, the admissibility of such evidence must in each instance be determined by the trial judge within the proper limits of his discretion. [Citations.] This court, moreover, has recognized that 'similar' does not mean 'identical,' but means having a resemblance, and that property may be similar for purposes of fruitful comparison, though each possesses various points of difference. [Citations.]"

In our opinion the trial court did not abuse its discretion in overruling petitioner's objection to the admission of the sale.

■■ Petitioner also argues that the trial court erred in refusing to permit the attorney for the seller of the sale parcel to testify as to what Allied Builders' intentions were regarding the property. We believe that the trial court properly held that such testimony would have been hearsay and that the proper party to provide such information was an agent of the buyer who could have been subpoenaed by petitioner.

■■ In its final contention on appeal petitioner claims prejudicial error in that the trial court did not on its own motion issue a cautionary instruction to the jury regarding a remark defense counsel made before

the jury. Petitioner's sale witness testified that he represented a buyer in a real estate transaction involving 44.7 acres of land in the vicinity of Sauk Village. Upon cross-examination he testified that he did not know where the property was located; did not know how far it was from the subject property; had never visited the sale parcel; and did not know where the closest sewer and water facilities were located. At that point defense counsel stated "This may be the most ridiculous sale I have ever seen offered, but I am not going to object, because I told the jury—let him tell the price for what it is worth. It is the silliest thing I ever heard of." It is apparent from an objective reading of the record that petitioner did not regard the remark prejudicial at the time of trial since he neither objected, moved to strike nor requested a cautionary instruction. We find that even if the court had committed error by not cautioning the jury after the remark had been made, it was harmless by virtue of its instruction to the jury at the conclusion of the trial that a statement or remark which has no basis in evidence should be disregarded.

For the above stated reasons we affirm the judgment of the trial court.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.