THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* YELLOW EQUIPMENT AND TERMINALS, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    Nos. 61561, 61947 cons.

Opinion filed March 24, 1977.

William J. Scott, Attorney General, of Chicago, for appellant.

Reed, Lucas & Doherty, of Chicago (David H. Lucas, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The Department of Transportation filed a petition to condemn a parcel of real estate, part of which was owned by the defendant, Yellow Equipment and Terminals, Inc. The proceedings were instituted pursuant to the Illinois Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47) in connection with the acquisition, construction, and reconstruction of 39th Street, commonly known as Pershing Road, in Cook County, Illinois.

The trial of this cause commenced on December 13, 1974. Each side presented its witnesses. The jury rendered its verdict for just compensation on December 18, 1974, and on January 6, 1975, the trial court entered a final judgment order based on the jury's verdict which was favorable to the defendant.

The appellant filed its post-trial motion on February 7, 1975, 32 days after the final judgment order was entered. The defendant filed a motion to strike the post-trial motion. On February 27, 1975, the trial court sustained this motion and ordered the post-trial motion of the petitioner stricken. Appellant neither filed pleadings in opposition to the motion to strike nor did it appeal from the trial court's order of February 27. Appellant appealed pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(e)), and requests a new trial.

The main issue presented for review is whether petitioner failed to preserve for review those matters set forth in its notice of appeal by filing its post-trial motion 32 days after the final judgment order was entered.

■■ In order to obtain relief after a jury trial, and specifically when requesting a new trial, a post-trial motion must be filed. (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(2).) Section 68.1(3) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(3)) provides that in a jury case, "Post-trial motions must be filed within 30 days after the entry of judgment * * *." Petitioner, by filing his post-trial motion 32 days after the final judgment order was entered, did not comply with section 68.1(3).

The consequences of filing an untimely post-trial motion are set forth in *Stauffer v. Held* (1974), 16 Ill. App. 3d 750, 751, 306 N.E.2d 877. Although this case dealt with the application for an extension of time to file a post-trial motion after the 30 days had elapsed, the same rules apply pursuant to section 68.1(3). The court held in *Stauffer* that the " * * * procedural methods required for perfecting an appeal and preserving questions for review were simply not complied with." Due to noncompliance with the procedural rules, there was nothing left for the court to review. In other words, where the filing time has expired (*Beanland v. Sweitzer* (1974), 21 Ill. App. 3d 121, 314 N.E.2d 736 (abstract)), or where an issue has not been specified in the post-trial motion (Ill. Rev. Stat. 1973, ch. 110A, par. 366(b)(2)iii; *Forest Preserve District v. South Holland Trust & Savings Bank* (1976), 38 Ill. App. 3d 873, 349 N.E.2d 689), the appellant is not entitled to review of the errors.

■■ Since the petitioner failed to file a timely post-trial motion, it has not preserved any matters for review. Therefore, we need not reach any of the substantive issues raised on appeal.

At oral argument, counsel for the appellant argued that by obtaining

leave to appeal under Rule 303(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(e)), the issues for review had been preserved. We disagree. Rule 303(e) is inapplicable.

■■ It should be noted further that:

"Procedural rules are not designed as a trap for the unwary, but as guidelines for the diligent in an adversary proceeding. * * * [A]dherence to these recognized procedural rules * * * is not an onerous imposition thwarting the ends of justice, but rather is an implementation of required orderly procedure to resolve judicial issues on review." *Stauffer v. Held* (1974), 16 Ill. App. 3d 750, 752, 306 N.E.2d 877.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ROMITI and LINN, JJ., concur.