MARIE A. PAVLIS, Plaintiff-Appellant, *v.* JEWEL TEA COMPANY, Defendant-Appellee.

First District (5th Division)    No. 76-1279

Opinion filed September 30, 1977.

Vincent C. Lopez, of Chicago, for appellant.

Victor J. Piekarski, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought this action to recover damages for personal injuries she allegedly sustained through the negligence of defendant's employee. On July 13, 1976, the court entered summary judgment for defendant. On appeal plaintiff contends that the court: (1) should have granted her a change of venue, and (2) erred in entering summary judgment for defendant.

Plaintiff filed this action on December 18, 1974, alleging that defendant's employee negligently distracted her while she was ascending an escalator on defendant's premises, causing her to fall and sustain injury. Defendant answered the complaint denying liability and both parties proceeded with discovery. On March 8, 1976, defendant filed a motion for summary judgment based upon plaintiff's answers to its interrogatories and excerpts from her deposition. The court granted plaintiff 21 days to respond and set the matter for hearing on April 12, 1976. Pursuant to a stipulation between the parties an order was entered on April 12, 1976, allowing plaintiff an additional 28 days to respond and resetting the hearing for May 17, 1976. However, plaintiff failed to appear on that date or file anything in opposition to defendant's motion and the court entered an order granting defendant summary judgment. On June 23, 1976, the court allowed plaintiff's motion to vacate the summary judgment. This order also provided that plaintiff have an additional 14 days to file counteraffidavits and set the matter for a final hearing on July 13, 1976, before Judge Elward. All prior proceedings were had before other judges. On July 13 plaintiff filed a petition for a change of venue alleging that Judge Elward was prejudiced against her and that such prejudice first came to her attention on July 12, 1976. She also filed a counteraffidavit to defendant's motion to dismiss. The court denied plaintiff's motion for a change of venue and reinstated the summary judgment order of May 17, 1976.

OPINION

Preliminarily, plaintiff contends that the court should have granted her a change of venue.

Section 1 of the venue act provides that:

"A change of venue in any civil action may be had * * *

* * *

(2) Where any party * * * fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him * * *." Ill. Rev. Stat. 1975, ch. 146, par. 1.

■■ Provisions of the venue act are to be liberally construed in order to effect rather than defeat a change of venue, particularly when

prejudice of a judge is charged. (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 103, 323 N.E.2d 129, 131.) Accordingly, Illinois cases have repeatedly held that a petition for a change of venue in proper form and timely filed must be granted. *Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 1054, 347 N.E.2d 259, 260.

Here, defendant concedes the timeliness of plaintiff's petition, but contends that it was not verified as required by section 3 of the venue act.

Although the record as originally filed did not contain a verified petition, plaintiff has since filed a supplemental record containing a verified petition, time-stamped July 13, 1976, 9:43 a.m. Accordingly, plaintiff has met the requirements of the venue act (Ill. Rev. Stat. 1975, ch. 146, par. 1 *et seq.*) and we conclude that the court erroneously denied her petition for a change of venue. *Little v. Newell* (1973), 14 Ill. App. 3d 564, 302 N.E.2d 739.

Plaintiff raises several other contentions, all of which challenge the propriety of the trial court's entry of summary judgment in favor of defendant. However, any order entered subsequent to an improper denial of a change of venue is void. (*Wheaton National Bank v. Aarvold* (1973), 16 Ill. App. 3d 193, 195, 305 N.E.2d 541, 542.) Consequently, the order granting defendant summary judgment must be reversed.

For the foregoing reasons the order denying a change of venue and the order granting summary judgment are reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

MEJDA and WILSON, JJ., concur.