THE CITY OF PEORIA, Plaintiff-Appellee, *v.* PEORIA RENTAL, INC., Defendant-Appellant.

Third District   No. 77-425

Opinion filed May 25, 1978.

Samuel G. Harrod and Daniel M. Harrod, both of Harrod & Harrod, of Eureka, for appellant.

Jack B. Teplitz and Brian M. Nemenoff, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
This appeal was brought by the respondent, Peoria Rental, Inc., from judgment for condemnation entered, after a jury trial, on May 24, 1977. The petitioner, city of Peoria, filed a verified petition in the circuit court of Peoria County to condemn certain property owned by the respondent for the purpose of removing blight. On March 30, Judge Iben denied the petitioner's motion to reject the respondent's jury demand.

The cause was set to be tried during the week commencing May 23, 1977. However, on May 19, 1977, the respondent, by its corporate officers, filed a motion to dismiss and traverse. Judge Pucci, the judge assigned for trial, denied the motion to dismiss on May 23, and also on that date, entered an order protecting two of the petitioner's appraisers from being absent from a discovery deposition noticed up by the respondent. In addition, Judge Pucci set the cause to be tried before a jury on May 24 and ruled that the traverse be also considered on that date.

On May 24, the respondent was represented by its president and secretary who were accompanied by an attorney. The attorney, stating he was acting on behalf of the respondent, made an oral motion before another judge, Judge Hunt, for a continuance. Judge Hunt denied the motion and presented himself to testify before Judge Pucci.

Thereafter, the court held a hearing to determine whether the attorney had in fact been retained by the respondent. The attorney stated that he was so hired, but then orally moved to withdraw as counsel. He was allowed to withdraw. However, the hearing inquiring into the nature of the attorney's relationship to the respondent continued until Judge Pucci asked the attorney if he had been requested to present a motion for change of venue. At that time, the corporate officers complained that Judge Pucci was prejudiced, stated they would no longer participate in the trial, and left the courtroom.

The respondent, by its corporate president, had filed a motion for change of venue on May 24. This motion set forth grounds of prejudice by

Judge Pucci and stated that the respondent would not receive a fair and impartial hearing if the cause was heard and determined by either Judge Pucci or Judge Iben.

Subsequent to the corporate officers of the respondent departing from the courtroom, the motion to traverse was denied without taking any evidence. The motion for change of venue was also denied.

The jury, after hearing evidence and being taken to the site, fixed compensation at $3,750, and judgment was entered on the verdict. Although the respondent filed no post-trial motions, an appeal was taken from this judgment.

In response to the issues raised in this appeal, the petitioner argues they are all waived. The respondent attempts to overcome the waiver argument by pointing out that any order or judgment entered following an improper denial of a petition for change of venue is void. This certainly is the law. *Musolino v. Checker Taxi Co.* (1st Dist. 1969), 110 Ill. App. 2d 42, 249 N.E.2d 150.

■■  A right to a change of venue, however, is absolute where the petition is timely filed, in proper form and complies with the statute. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 311 N.E.2d 673.) And of course, the prejudice of a judge is a proper basis for a petition for a change of venue. (*Little v. Newell* (3d Dist. 1973), 14 Ill. App. 3d 564, 302 N.E.2d 739.) For a petition to be timely filed it must be presented before a trial hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case. (Ill. Rev. Stat. 1973, ch. 146, par. 3.) We find *Palvis v. Jewel Tea Co.* (1977), 53 Ill. App. 3d 287, 368 N.E.2d 719, cited to us by the appellant, inapplicable.

■■  Before the respondent's petition for a change of venue was filed, Judge Pucci denied the respondent's motion to dismiss the petition for condemnation on May 23, and, on the petitioner's motion, had also entered an order protecting two of the petitioner's appraisers from failing to appear for discovery. Certainly there is no question that the motion to dismiss is a substantial issue. Therefore, the petition for change of venue was properly denied for failure to timely file.

■■■  All other issues raised by the respondent in this appeal are waived. Where a defendant voluntarily abandons the trial, he can not raise on appeal for the first time objections to which no exceptions were taken at the time. (*County of Cook v. Holland* (1954), 3 Ill. 2d 36, 119 N.E.2d 760.) Furthermore, the failure to raise an issue in a timely post-trial motion following a jury trial waives the issue for appeal purposes if the appellant also failed to object at the time of the alleged error. (*Forest Preserve District v. South Holland Trust & Savings Bank* (1st Dist. 1976), 38 Ill. App. 3d 873, 349 N.E.2d 689.) The principles of waiver apply equally to eminent domain proceedings. *Department of Transportation v. Yellow*

4

*Equipment & Terminals, Inc.* (1st Dist. 1977), 47 Ill. App. 3d 116, 361 N.E.2d 814.

■■ The only issue raised by the respondent, aside from whether the trial court properly denied the respondent's petition for a change of venue, is whether the trial court properly denied the respondent's motion to dismiss and traverse without a hearing. Because no representative of the respondent was present in the courtroom when the trial court denied the motion to traverse, no objection was made. Nor was a post-trial motion filed by the respondent. The issue, therefore, is waived.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.