TONI ELDER, on Behalf of Derrick Finney, a Minor, Plaintiff-Appellee, v. HERMAN L. FINNEY, Defendant-Appellant.

First District (3rd Division)   No. 1—91—1423

Opinion filed November 17, 1993.

P. Scott Neville, Jr., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Obyrietta Gammett Scott and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court: Plaintiff, Toni Elder (Toni), on behalf of her son Derrick Finney (Derrick), a minor, filed this paternity action in the circuit court of Cook County against defendant, Herman L. Finney (Herman), alleging that Herman is the father of Derrick. After a jury found Herman to be Derrick's father, the trial court entered judgment against Herman and denied his subsequent motion for a new trial. It is from the orders entering judgment and denying his motion for a new trial that Herman now appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

Both Herman and Toni testified that they met each other at work and began dating in May of 1987. At that time, Herman had been separated from his wife, Carolotta Finney, since September 1985. Almost from the onset of their relationship, Toni and Herman regularly engaged in sexual intercourse with each other. Toni testified that she did not have sexual intercourse with anyone else during the course of her relationship with Herman. Toni further testified that the couple continued having sexual relations until February 1988 and that her doctor informed her that she became

pregnant in February 1988. However, Herman testified that the last occasion on which he had sexual intercourse with Toni was on December 10 or 11, 1987, and that there had been no physical contact between them from January 1988 through April 1988. Derrick was born on November 14, 1988.

At trial, James Geyer, Ph.D., an expert in paternity testing, testified as an expert witness on behalf of Toni. The blood tests conducted under Dr. Geyer's supervision resulted in a cumulative paternity index of 203,076 to 1, and, in his opinion, Herman was the father of Derrick. Pravatcai Wan Boonlayangoor, Ph.D., an expert in paternity testing, also testified on Toni's behalf. Dr. Boonlayangoor testified that the tests made under his supervision resulted in a cumulative paternity index of 9,440 to 1, and that, in his opinion, Herman was Derrick's father.

After Toni presented her case, Herman sought to introduce certain evidence at trial to refute Toni's claim. First was a letter from Toni to Herman dated January 11, 1988. The letter, which was published to the jury, stated that the couple's relationship was over. Herman also proffered two audio cassette recordings from his telephone answering machine. The first tape was purportedly taken from Herman's answering machine in December 1987. The second tape was made in October 1989. In these tapes, Toni left a barrage of messages for Herman using what could be euphemistically termed a torrent of raw language. It was Herman's contention that these tapes demonstrated that his relationship with Toni had ended prior to the time of Derrick's conception and that Toni had motive to file false charges against him. Toni objected to the tapes' introduction into evidence.

The trial court held an *in camera* hearing on the matter. In addition to noting that both tapes contained a considerable amount of vulgarity, the trial court pointed out that neither tape contained any admissions. Moreover, the trial court noted that all the parties to this action would be afforded an opportunity to give their version of what happened in this case to the jury. Accordingly, the trial court found the tapes to be inadmissible and, therefore, sustained Toni's objection. However, the trial court did have the tapes played for Toni and Herman in order to refresh their memories before they testified. Herman testified before the jury that the telephone messages on the first tape were received in December 1987 and asserted that his relationship with Toni had ended by then. Toni testified that the taped messages occurred after Derrick was born. The tapes themselves contain no internal evidence of when the calls were recorded.

Finally, after the attorneys for both sides made their closing

arguments, the jury returned a verdict for Toni finding Herman to be Derrick's father.

Subsequently, the trial court held a hearing to determine the amount of child support to award for Derrick's care. At this hearing Herman produced various financial records. The trial court set an award of $399.88 per month: $369.94 for monthly child support plus $30 per month towards an arrearage of $9,803 that the trial court determined existed.

## ISSUES ON APPEAL

The two issues to be determined in this appeal are: First, did the trial court err when it excluded from evidence at trial certain tape-recorded messages that Toni left Herman on his telephone answering machine? Second, did the trial court err in its award of child support by violating the guidelines set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (section 505) (Ill. Rev. Stat. 1989, ch. 40, par. 505)?

## OPINION

We first address Herman's argument that the trial court erred in excluding the tape-recorded messages from evidence at trial. It is settled law in Illinois that a sound recording that is otherwise competent, material and relevant is admissible into evidence if a proper foundation has been laid to assure the authenticity of the recording and its consequent reliability. (*Belfield v. Coop* (1956), 8 Ill. 2d 293; *People v. Harvey* (1981), 95 Ill. App. 3d 992.) However, "before evidence of any kind is admissible, it must be relevant. [Citations.] Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (*People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 487-88; see also Fed. Rules Evid. 401, 402.) Sound recordings are demonstrative evidence. (E. Cleary, McCormick on Evidence § 214 (3d ed. 1984).) It is within the sound discretion of the trial court to admit demonstrative evidence (*Simmons v. City of Chicago* (1983), 118 Ill. App. 3d 676), and its determination of the admissibility of such evidence shall not be disturbed by a reviewing court absent a clear abuse of that discretion. (*Ford v. City of Chicago* (1985), 132 Ill. App. 3d 408.) The determination of the relevance and explanatory value of demonstrative evidence is within the discretion of the trial court. (*Forest Preserve District v. South Holland Trust & Savings Bank* (1976), 38 Ill. App. 3d 873.) If it appears that demonstrative evidence was used for dramatic effect, or emotional appeal, rather than factual

explanation useful to the reasoning of the jury, such use should be regarded as reversible error. *Smith v. Ohio Oil Co.* (1956), 10 Ill. App. 2d 67.

After careful consideration of the audio tape recordings at issue in this case, we conclude that the trial court's ruling was correct on two separate and independent grounds.

■ First, we reject Herman's argument that because these tapes demonstrate that Toni was hostile towards Herman, it is therefore impossible or improbable that they would ever again engage in sexual intercourse. Instead, we believe the proffered tapes are not relevant to this case in that they have no tendency to make the existence of any fact that is of consequence to the determination of Derrick's parentage more probable or less probable than it would be without them. Herman's argument runs contrary to our understanding of the mainsprings of human conduct. It is simply not fair to assume that because people argue with or are mad at each other, they will never again have sexual relations with one another. Furthermore, while it is true that the first tape suggests that Toni had some animosity towards Herman, it nevertheless contains no statement as to when the tape was made or when the relationship ended. Moreover, as the trial court noted, both tapes contain no admissions relevant to the case. Therefore, both tapes are irrelevant and, consequently, inadmissible.

Second, we are convinced that the proffered recordings were to be used more for dramatic effect, or emotional appeal, rather than factual explanation useful to the reasoning of the jury. Accordingly, the trial court did not abuse its discretion in refusing to admit the recordings into evidence.

■ Finally, even if the trial court's failure to admit the tapes into evidence was somehow in error, such error does not necessitate reversal of this case as it was harmless. "It is well settled that a judgment should be reversed because of error only when it appears that the error affected the result of the trial. [Citations.] In reviewing a jury's verdict, an appeals court need not determine that the record is free from error [citation]; rather, the court need only determine whether any error occurred which operated to the prejudice of a party or which unduly affected the outcome [citations]." (*Brown v. Arco Petroleum Products Co.* (1989), 195 Ill. App. 3d 563, 565.) Here, in no way was Herman prejudiced in light of the other ample evidence presented at trial conclusively proving Herman to be Derrick's father. Moreover, any minimal prejudice Herman may have suffered was cured by the trial court's allowing him to testify before the jury as to the tapes' existence and their contents. Therefore, the trial

court's decision, assuming it was incorrect, was harmless error that does not warrant reversal of the judgment.

■ Still to be considered is Herman's contention that the trial court erred in its award of child support by violating the guidelines set forth in section 505. Upon review of the evidence presented at trial and the record on appeal, we find this contention wholly without merit and cannot conclude the trial court's award was an abuse of discretion. In fact, we believe, if anything, the child support award was rather modest given Herman's resources.

## DISPOSITION

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.